## REITZ v. HODGKINS.

[No. 22,955.   Filed April 25, 1916.   Rehearing denied June 28, 1916.]

1. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—In determining the sufficiency of the evidence to support the verdict, the court on appeal will consider only the evidence most favorable to appellee. p. 165.

2. NEGLIGENCE.—*Collision on Streets.*—*Evidence.*—In an action for damages for personal injuries to the rider of a motorcycle in collision with an automobile at a street crossing, where there was evidence to show that the rider of the motorcycle was proceeding north along the right side of a public street at a speed of eight or ten miles per hour, and, as he was crossing an intersecting street, defendant, driving an automobile south, "cut" the northeast corner at a speed of twenty-five or thirty miles per hour and turned into the intersecting street on the left side thereof, striking plaintiff's motorcycle at a point two or three feet from the north curb of the intersecting street, the jury was warranted in finding the defendant guilty of negligence. p. 167.

3. NEGLIGENCE.—*Automobiles.*—*Use of Streets.*—*Duty of Driver.*— *Ordinary Care.*—One driving an automobile along a public street is bound to use ordinary care to avoid collision with, and injury to, others in approaching and turning into an intersecting street; and one who fails, in turning a street corner, to observe this duty is guilty of negligence, regardless of whether the manner in which he drives the automobile into the intersecting street is prohibited by any law of the road or special traffic regulation. p. 167.

4. NEGLIGENCE.—*Automobiles.*—*Use of Streets.*—*Degree of Care Required.*—One injured by a collision with an automobile while riding along a public street, in the exercise of due care, is not bound, to absolve himself from contributory negligence, to anticipate that another, in an approaching automobile, will fail to use reasonable care in turning into an intersecting street. p. 167.

5. NEGLIGENCE.—*Automobiles.*—*Use of Street.*—*Law of the Road.*— In the absence of special statutory regulations, automobiles are governed by the same rules of the road as apply to other vehicles using a street or highway; and a driver of an automobile is required, in fulfilling the common-law duty of using due care, to keep to the right when passing other vehicles, and this rule applies at street intersections. p. 169.

6.  DAMAGES.—*Instructions.*—*Measure of Damages.*—In an action for damages for personal injuries, where the complaint contained no allegation entitling plaintiff to recover for hospital and doctor's fees, but there was some evidence as to such expenses, an instruction that, if the jury found for the plaintiff, it should assess damages to compensate the plaintiff for injuries sustained "as charged in the complaint" and further stated that the jury might assess damages " from all the evidence in the case relating to his said injury and bearing upon his damages" and make an award that would "fairly compensate the plaintiff for the injuries so sustained," is not objectionable as authorizing an allowance for hospital and doctor's bills, since the instruction expressly limits the recovery in damages to the injuries charged in the complaint.    p. 170.

7.  TRIAL.—*Verdict.*—*Surplusage.*—*Venire de Novo.*—Where, in an action for damages for personal injury under a complaint that did not place in issue the recovery of plaintiff's hospital and doctor's fees, the jury awarded damages in a stipulated amount and included in the verdict a finding that the defendant should assume all expenses of plaintiff incurred at the hospital, it was proper for the trial court to disregard such finding as surplusage and to overrule a motion for a *venire de novo.*    p. 171.

From Gibson Circuit Court; *Simon L. Vande-veer,* Judge.

Action by Elbert Hodgkins against Paul G. Reitz. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)    *Affirmed.*

*Cunningham & Ortmeyer* and *Foster & Wheeler,* for appellant.

*John R. Brill, Frank H. Hatfield* and *John W. Brady,* for appellee.

Cox, J.—This appeal is from a judgment in the court below in favor of appellee for damages for personal injury alleged to have been sustained by him through the negligence of appellant in driving his automobile on Main street in the city of Evansville whereby a collision with appellee, who was also using the street as the rider of a motorcycle, was caused.    The issue formed by an answer of general

denial of the averments of appellee's complaint was tried by jury, which returned a verdict for appellee and on this verdict the judgment, which is the basis of this appeal, was rendered.

Two rulings of the trial court are assigned as errors, which are relied on for reversal: Overruling appellant's motion for *venire de novo*, and overruling his motion for a new trial.

Among the causes assigned for a new trial and for which a reversal is now asked are those asserting that the evidence is insufficient in fact and in law to sustain the verdict. It is claimed that the evidence shows that the appellee, himself, was guilty of negligence which produced his own injuries. It is clearly apparent that this claim is based, not only on that part of the evidence most favorable to appellant, but on some speculative, if not indeed rather fanciful, deductions from it. A reversal can not, of course, be asked on such support with any serious claim for consideration when there is other evidence conflicting with that relied on and more favorable to the appellee. There is no room for contention that there is not in the record abundant evidence of the latter character. The rule that when a reversal is asked in such a case as this,

1. on the ground that the evidence is insufficient to support the verdict, this court will consider only the evidence most favorable to appellee is so elementary and has been stated so many times that the mere statement of it suffices without the citation of cases in support of it.

Appellant claims that he was driving his automobile at a moderate rate of speed and that appellee, riding his motorcycle at a very rapid rate of speed, ran it into appellant's vehicle and caused his own injuries. This contention is supported only as we have indicated above. In support of the verdict the evi-

dence most favorable to appellee warranted the jury in finding the following facts relevant to this and the other elements of the cause to be the truth: On the night of October 6, 1911, at about 10:30 o'clock, appellee was riding his motorcycle northward along the right side of Main street, the principal business street of the city of Evansville; that the light of his vehicle was burning; that his purpose was to continue north on Main street; that as he approached Fifth street, which intersects Main street, he saw appellant's automobile approaching on Main street from the north, but on the opposite side of the street from that on which appellee was traveling. The automobile was driven by appellant, who had with him several friends. It was a very heavy sixty-horse power machine, the top of which was down. Rain had begun falling shortly before. Appellant was going to his garage and shelter about a square east from Main street on Fifth street. When the front wheel of appellee's motorcycle had cleared the street intersection and passed the north curb of Fifth street, near the northeast corner of that street and Main street, the rear wheel of it was struck by the left front wheel, spring, fender and lamp of appellant's automobile, which had been so turned by him as to "cut" the northeast corner of the two streets to go on to his garage. At the point of the collision the automobile was on the left side of Fifth street and only two or three feet from the curb at the corner. There is evidence of eyewitnesses that at the time of the collision and immediately preceding it, appellant was driving his automobile twenty-five or thirty miles an hour and that appellee was proceeding on his motorcycle eight or ten miles an hour. The condition of both the motorcycle and the automobile after the collision supports the direct testimony of witnesses that the latter ran

into the former, and that the collision caused a compound fracture of one of the bones of appellee's left leg below the knee.   He was thrown into the air against a lamp post, and rebounded into the street about eighteen feet north of the point of collision.   Where the bone of appellee's leg was broken there was a severe bruise where the flesh sloughed off.  Appellee was twice in hospitals for operations and care, and the time so spent, together with the time he was at home disabled, amounted at the time of the trial to about nineteen months, and at that time the fracture had not knit and become sound.   He also suffered from a persistent ulcer resulting from the injury.

The jury might well have found appellant guilty of a very palpable act of negligence in cutting the corner under the circumstances of the facts detailed; and this would be so, aside from the existence of any rule of the road or special traffic regulations, which expressly prohibited such an act, for in any event appellant would be held to the exercise of ordinary care to avoid collision with and injury to others, in approaching and turning into an intersecting street.   Appellee, in pursuing his course and exercising due care, was not, to absolve himself from a charge of contributory negligence, bound to anticipate that appellant would so violate his duty of reasonable care as to turn his automobile, running at a speed of twenty-five or thirty miles an hour, and run it as near as two or three feet of the left-side curb of Fifth street.   It is difficult for an unbiased mind to see that the jury could have done other than find for appellee under the evidence before it.

Instructions Nos. 4 and 6, requested by appellee and given by the court, were excepted to as erroneous statements of the law.   The giving of them was

made cause for a new trial and is now urged as error for which the cause should be reversed. These instructions read as follows:

"No. 4. What is commonly known as 'the law of the road' requires conveyances traveling on a public street or highway in Indiana, or meeting another vehicle on the same street or highway, to keep to the right of the traveled portion of the road. A traveler driving a vehicle along a public street has a right to presume that one whom he sees approaching from the opposite direction will keep to the right of the traveled portion of the road, and will not be precluded from recovering damages sustained by him in a collision resulting from the other's want of care and skill, merely because when first seeing the approaching traveler the injured party had ample space to pass in safety.

"No. 6. If you find, from the preponderance of the evidence, that the plaintiff, Elbert Hodgkins, was riding his motorcycle properly and with due care along that side of Main Street which was on his right-hand side and was so proceeding on said Main Street over its intersection with Fifth Street; and that, at the same time, the defendant was driving his automobile along said Main Street in the opposite direction to that in which plaintiff was traveling, then I instruct you that under such circumstances the plaintiff had the right to assume that defendant would keep to his right in meeting and passing the plaintiff; and that if he had occasion to turn his automobile out of said Main Street into said Fifth Street at said intersection thereof, he would so turn into said Fifth Street to the right side as he passed the plaintiff."

In the absence of special statutory regulations, automobiles are governed by the same rules of the

road as apply to other vehicles using a street or highway, and among these rules, generally

5. recognized as a measure of the common-law duty to use due care, is that which requires vehicles, when approaching from opposite directions to pass, to keep to the right to avoid a collision, and this rule applies at street intersections. The instructions correctly embodied the law so generally recognized. *Elgin Dairy Co.* v. *Shepherd* (1915), 183 Ind. 466, 108 N. E. 234 and cases cited; *Cook Brewing Co.* v. *Ball* (1899), 22 Ind. App. 656, 665, 52 N. E. 1002; *Molin* v. *Wark* (1911), 113 Minn. 190, 129 N. W. 383, 41 L. R. A. (N. S.) 346, and note; 2 R. C. L. 1194 37; Cyc 270.

Reliance is also placed on the trial court's refusal to give two instructions requested by appellant which stated the law contrary to that stated in the two instructions given and set out above, and which were otherwise fundamentally erroneous. No error was committed by the court in refusing to give them to the jury.

Complaint is finally made of instruction No. 10, given by the court, which reads as follows: "If you find. for the plaintiff herein and that he is entitled to recover, it will be your duty to assess his damages in such an amount as will fairly compensate him for the injuries sustained *as charged in the complaint* (our italics), if any, and in arriving at this amount you may take into account the amount of pain and suffering, both physical and mental, which he has already endured, if any, by reason of his said injuries; also you may consider his crippled and maimed condition if you find it to exist and probable duration of his life and the loss of time from work, if any, caused by his said injury and diminution in his earning capacity occasioned by such injury, if any, and from all the

evidence in the case relating to his said injury and bearing upon his damages, assess such an amount as in the judgment of the jury will fairly compensate the plaintiff for the injuries so sustained not exceeding, however, the sum of ten thousand dollars, prayed for in the complaint."

It is claimed by appellant that inasmuch as the complaint did not plead specially the hospital expenses and doctor bill of appellee, and because of the fact that there was some testimony from which it might be inferred that there were some expenses, the latter part of the instruction above is erroneous in that it tells the jury that they may assess damages "from all the evidence in the case relating to his said injury and bearing upon his damages". It is admitted by appellee that he was not entitled to damages for hospital and doctor's expenses under the allegations. It is to be noted that the instruction expressly limited the recovery in damages to his injuries *as charged in the complaint.* There was, therefore, no instruction to the jury that they should assess damages for hospital expenses and doctor bills, but an express limitation to such injuries as charged in the complaint. Moreover, the latter part of the instruction limits the compensation to that which will fairly "compensate the plaintiff for the injuries *so sustained.*" This limitation refers plainly to such injuries as were sustained through "pain and suffering, both physical and mental," his "crippled and 'maimed condition, loss of time from work" and "diminution in his earning capacity". None of these include the hospital expenses nor the doctor bills. The instruction is not open to the objection urged. It is obvious, too, that the sum awarded is in no sense excessive as compensation for the injury without any allowance for hospital or medical

expenses; and no point or proposition is stated in appellant's brief based on any cause for a new trial founded on a claim of excessive damages.

Appellant's motion for a *venire de novo* was on the ground that the verdict was so indefinite and uncertain that the court could not render proper judgment thereon. The verdict as returned is as follows: "We, the jury, find for the plaintiff and assess the damages in the sum of $2,200.00; defendant to assume expenses of his service to date, also all expenses of plaintiff incurred at the Deaconess Hospital during the plaintiff's treatment."

The judgment of the court was for the sum of $2,200, disregarding the rest of the verdict. As pointed out above, there was no allegation 7. in the complaint covering the question of hospital expenses. There is no question but that the finding as to these expenses was entirely outside the issues. As such the court had a right to treat them as surplusage and disregard them in the judgment. There was no error in overruling the motion for a *venire de novo*. *Guthrie* v. *Carpenter* (1903), 162 Ind. 417, 423, 70 N. E. 486; *Kluse* v. *Sparks* (1894), 10 Ind. App. 444, 36 N. E. 914, 37 N. E. 1047.

There being no error in the rulings of the trial court pointed out in the briefs, judgment is affirmed.

Spencer, J., not participating.

NOTE.—Reported in 112 N. E. 386. Rights and duties of persons driving automobiles in highways (13 Ann. Cas. 463; 21 Ann. Cas. 648) in respect to persons on bicycles, 21 Ann. Cas. 656.