## PEACOCK COAL AND MINING COMPANY *v.* CRAWFORD.

[No. 9,256. Filed October 25, 1917.]

1. APPEAL.—*Assignment of Error.—Grounds.*—An assignment of error that the complaint does not state facts sufficient to constitute a cause of action presents no question for review on appeal. p. 403.

2. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Sufficiency.*—In an action by a coal mine employe for personal injuries, a complaint alleging that defendant mine owner negligently failed to keep the mine room where plaintiff was ordered to work reasonably safe and failed to remove from the roof certain loose slate and rock, which fell upon and injured plaintiff while he was in the performance of his duties, and that the dangerous condition was known to defendant, but not to plaintiff, sufficiently charges a violation of the employer's common-law duty to keep the working place reasonably safe. p. 403.

3. MASTER AND SERVANT.—*Injuries to Servant.—Instructions.—Applicability to Issues.—Duty to Inspect Mines.*—In an action by a coal mine employe for personal injuries, an instruction that it was defendant's duty, by its mine boss, to visit and examine plaintiff's working place each alternate day and in addition thereto to exercise ordinary care "all to the end that loose coal, slate, or rock overhead in the room where plaintiff was required to work should either be taken down or carefully secured," was erroneous, where neither the complaint nor the evidence raised the issue of the mine owner's statutory duty to inspect, and because it in effect informed the jury as to what would constitute the exercise of ordinary care. pp. 404, 405.

4. MASTER AND SERVANT.—*Injuries to Servant.—Inspection of Mines.—Duty of Owner.*—The mine owner's statutory duty to inspect the mine refers to travel and air ways, and not to the miner's working place. p. 405.

5. MASTER AND SERVANT.—*Injuries to Servant.—Employer's Liability Act.—Scope.—Coal Mines.*—An action may be maintained under the Employer's Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), for personal injuries sustained in coal mines. p. 405.

6. MASTER AND SERVANT.—*Injuries to Servant.—Instructions.—*

*Coal Mines.—Duty to Remove Loose Coal.*—In an action by a mine employe for injuries caused by a fall of coal and rock from the roof of a mine, an instruction that it was the mine owner's duty to remove from the roof of the room where plaintiff was at work all loose slate, coal, or rock, wherever it was impracticable to prop it, was erroneous, since such duty is required by statute only in travel and air ways. p. 405.

7.    MASTER AND SERVANT.—*Injuries to Servant.—Instructions.—Statutory Duty to Inspect Mines.*—In an action by a coal mine employe for injuries caused by a fall of loose coal from the roof of a mine room, an instruction that it was negligence imputable to defendant mine owner if its mine boss did not make the inspection required by statute, but.omitting to state the duties prescribed by statute, is erroneous because submitting a question of law to the jury. p. 406.

8.    DAMAGES. — *Personal Injuries. — Measure of Damages. — Instructions.*—In a servant's action for the loss of an arm and for other personal injuries, an instruction on the measure of damages limiting recovery to compensatory damages as shown by the evidence, and directing the jury in estimating plaintiff's damages, to consider only his crippled and maimed condition, and the nature, extent and duration thereof, the physical and mental pain he suffered because of the injuries, the length of time he was confined or unable to work, the diminution of his earning capacity, and the probable duration of his life, is not erroneous as permitting the consideration of improper elements of damages. p. 407.

From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Action by Finis E. Crawford against the Peacock Coal and Mining Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Lucius C. Embree* and *Morton C. Embree,* for appellant.

*John H. Brill, Frank H. Hatfield* and *John W. Brady,* for appellee.

IBACH, P. J.—Appellee recovered a judgment against appellant for $2,000, damages for personal injuries received by him while at work in appellant's coal mine. The complaint was in two paragraphs upon which issues were joined by answer in general denial.    The jury re-

turned a verdict in favor of appellee on the first paragraph, and in favor of appellant on the second paragraph of complaint. From the judgment rendered thereon appellant appeals and assigns as error: (1) That the complaint does not state facts sufficient to constitute a cause of action; and (2) that the court erred in overruling the motion for a new trial.

No question is presented by the first error assigned. The questions presented under the second assigned

1. error challenge the verdict of the jury, as not being sustained by sufficient evidence and as being contrary to law; and the giving or refusing to give certain instructions.

A consideration of these questions requires a determination first of the theory upon which the complaint

2. is drawn. The negligence charged in the first paragraph of complaint is in substance as follows: Appellant is a corporation, and on October 11, 1912, was engaged in mining coal in Pike county, Indiana. Appellant negligently failed and omitted to keep the working place in its said mine where appellee was assigned to work, and the roof thereof in a reasonably safe condition, and carelessly and negligently permitted the roof of said mine in room No. 1 to become weak, unsafe and dangerous on, and continuously for three days prior to, October 11, 1912, and to the time of appellee's injuries. With knowledge of the said weak, unsafe and dangerous condition of said roof appellant negligently failed and omitted to take down and remove therefrom certain loose slate and rock, which during all of said time was in said roof at said place; and negligently failed and omitted to otherwise make said roof reasonably safe and secure. With knowledge of the weak, unsafe and dangerous condition of the roof of said room No. 1, appellant on the morning of October 11, 1912, negligently and care-

lessly directed appellee to enter said room for the purpose of mining coal therein. Appellee did not at any time prior to his injury have any knowledge or notice of the weak, unsafe or dangerous condition of the roof but in obedience to the orders of appellant and believing said room and the roof thereof to be safe, appellee entered said room and began the performance of his duties in mining coal under his said employment, and while so engaged and within a few minutes after entering said room the roof suddenly gave way without warning and large quantities of said loose slate and rock fell therefrom upon appellee, crushing, etc. It is further alleged that "defendant during all the time aforesaid employed in its said mine more than five persons, to wit, twenty-five persons."

The controlling averments above set out clearly show that the first paragraph is based on a violation of the common-law duty to keep appellee's working place reasonably safe and is good upon that theory. The second paragraph is apparently based upon the breach of the common-law duty to furnish a reasonably safe place to work and the breach of the statutory duty to furnish props and timbers.

Under its motion for a new trial appellant claims that instructions Nos. 6, 8 and 9 given by the court of its own motion are erroneous.

Number 6 reads: "It was the defendant's duty, by its mine boss, to visit and examine the plaintiff's working place each alternate day, and in addition thereto, to exercise ordinary care all to the end that loose coal, slate, or rock overhead in the room where the plaintiff was required to work should either be taken down or carefully secured. If the defendant company, through its mine boss, failed in the performance of this duty such failure constituted negligence."

Neither the first nor second paragraph of complaint charged a violation of the statutory requirement to visit and examine the plaintiff's working place each alternate day, and there was no evidence tending to show such fact. Further, the instruction in effect told the jury that ordinary care required that all loose coal, slate, or rock overhead in the room where appellee was required to work should either be taken down or carefully secured. The statutory duty in this respect has application to travel and air ways, and not to the miner's working place. Under the theory of the first paragraph of complaint as to what would constitute the exercise of ordinary care was a question of fact for the jury. It follows that the instruction was erroneous upon either theory, tended to confuse the jury both as to the issues and the evidence and should not have been given. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

Appellant claims that instruction No. 8 is erroneous in that it is applicable to cases arising under the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) only, and that that act has no application to injuries arising in coal mines. Since the trial of this case the Supreme Court and this court have recognized that an action may be maintained under the act of 1911 for injuries arising in coal mines. *Vivian Collieries Co.* v. *Cahall* (1915), 184 Ind. 473, 110 N. E. 672; *Vandalia Coal Co.* v. *Shephard* (1918) —— Ind. App. ——, 113 N. E. 767.

Instruction No. 9 is claimed to be erroneous in that it confuses the duty of appellant toward its employes in their working places with that of travel and air ways, and tells the jury that it is appellant's duty to remove all loose slate, coal, or rock,

wherever it is impracticable to prop it. Said instruction reads: "It is no defense to show that it was impossible or impracticable to prop the roof where the plaintiff was at work in order to secure overhanging loose coal, slate, or rock, for if that were the case, then it was the duty of the defendant, if such condition existed and defendant knew it, or in the exercise of ordinary care should have known thereof, to remove such loose overhanging coal, slate or rock, if you find it was at the place where plaintiff worked as charged in his complaint." The duty to remove loose overhanging coal, slate or rock where it is impossible or impracticable to prop the roof is one required by statute in travel and air ways, but such provision of the statute cannot be extended by construction to include the miner's working place. The giving of such instruction was error. *Domestic Block Coal Co.* v. *DeArmey, supra.*

Instruction No. 7, given at the request of appellee, is objected to. It reads in part as follows: "If you find from the evidence that the mine boss of the defendant at the time the plaintiff was injured knew or by the exercise of reasonable care and in the discharge of his duties would have known that in the plaintiff's working place there was loose overhanging slate, coal or rock that was liable to fall, *and that he did not perform the duty required of him by the statute in this respect,* then I instruct you that the failure to comply with this duty, is of itself negligence, and that this negligence of the mine boss is imputed to the defendant company and the defendant company is chargeable with the results thereof."

Appellant contends that this instruction leaves a question of law for the determination of the jury, namely, "What duty was required of the mine boss in respect to loose overhanging slate, coal or rock?" By this instruction the court left it to the jury to deter-

mine whether the negligence which caused appellee's injuries was due to a violation of a statutory duty and yet failed in any wise to inform the jury as to what those duties were as prescribed by statute. It was error to submit such question of law to the jury. Appellee has not pointed out and we are unable to find any other instruction which was given obviating such error. *McDaniel* v. *Lebanon Lumber Co.* (1914), 71 Ore. 15, 140 Pac. 990, 992; *Oberlin* v. *Oregon, etc., Ins. Co.* (1914), 71 Ore. 177, 142 Pac. 554, 558; *Prudential Ins. Co.* v. *Union Trust Co.* (1914), 56 Ind. App. 418, 105 N. E, 505, 511. Said instruction is also open to the same objection discussed with reference to instruction No. 6, *supra*.

Instruction No. 11, given at request of appellee, is objected to. This instruction correctly stated the law and was applicable to both the issues and the evidence.

Instruction No. 15, given at the request of appellee, instructs the jury on the measure of damages. Appellant's objection to this instruction is that it 8. permitted the jury to take into consideration certain elements not warranted by the law. We do not think the instruction is open to the construction appellant seeks to place upon it. The evidence shows that appellee's arm was crushed and had to be amputated and that he was otherwise injured. The instruction limits the recovery to compensatory damages as shown by the evidence, and authorizes the jury to take into account *only* "his crippled and maimed condition, and the nature, extent and duration thereof, the physical and mental pain he has suffered by reason of his said injuries, the length of time he was confined to his bed or room unable to work by reason of said injury; the diminution, if any, of his earning capacity, (and) the probable duration of his life."

These were proper elements to be considered by the

jury, and the court did not err in giving said instruction.

Several instructions were tendered by appellant and refused by the court upon which appellant predicates error. These instructions are drawn either on the assumption that certain facts were undisputed, or on an erroneous construction of the law, and are fully disposed of by our discussion of appellant's objections to instructions given.

It is also contended that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law. Inasmuch as the evidence may not be the same on a retrial, we deem it unnecessary to discuss these questions.

Because of the errors in the instructions and in view of the apparent confusion as to the law applicable to the case made by the complaint, justice we believe demands an opportunity for a new trial. The judgment is reversed, with instructions to grant appellant's motion for a new trial, and for further proceedings consistent with this opinion.

NOTE.—Reported in 117 N. E. 504. Mines and mining: violation of mining act, employe's right of action, 9 L. R. A. (N. S.) 382, L. R. A. 1915E 557; duty of mine proprietor to provide safe place for employes to work, 87 Am. St. 564; liability of owner to servant for injuries caused by the falling of the mine roof, Ann. Cas. 1912B 577.