WOLFCALE v. FARRAR ET AL.

[No. 11,701.    Filed October 11, 1923.]

1. APPEAL.— *Review.— Evidence.— Sufficiency.—* In determining the sufficiency of the evidence to support the verdict, the court on appeal will consider only the evidence most favorable to appellee.  p. 381.

2. FRAUD.—*Description in Deed.—Evidence.—Sufficiency.—*In an action for damages for alleged fraud and misrepresentations as to the acreage of a farm purchased by plaintiff, where the evidence shows that plaintiff relied on statements of defendant, purchased the farm from defendant and wife, the deed described the farm as containing fifty-three acres, though the defendants were aware it contained only fifty acres, *held* to warrant a finding of misrepresentation by defendant.  p. 381.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

*A. W. Hamilton* and *Fred A. Wiecking,* for appellant.
*Fred H. Bowers, Milo Feightner, Lee M. Bowers, Abram Simmons, Charles Dailey* and *Virgil Simmons,* for appellees.

ENLOE, P. J.—This is a vacation appeal from the Wells Circuit Court. The appellee Chase Farrar brought this action in the Wells Circuit Court seeking to obtain damages against the appellant and his wife, Cora E. Wolfcale, on account of alleged misrepresentation in the sale of a farm, by appellant and wife to the appellee Farrar. The issues being joined the cause was submitted to the court for trial and resulted in a finding and judgment against the appellant.

The only alleged error presented by appellant in his brief is the action of the trial court in overruling his motion for a new trial. While various causes are stated in said motion, the only matter presented by appellant relates to the sufficiency of the evidence to sustain the decision of the trial court.

It appears from the record that the appellee Farrar in July, 1919, purchased of the appellant a farm in Wells

county, Indiana.   This action was brought to recover damages for alleged fraud and deceit practiced upon appellant in the sale of said farm.   The complaint charges that said appellant, knowingly and falsely, and with intent to cheat and defraud said Farrar, told and represented to him that said farm contained fifty-three acres, when in truth and in fact said farm contained only fifty acres, as the appellant well knew, etc.

In determining whether the decision of the trial court is sustained by sufficient evidence, in cases of this character, this court can look only to the evidence

1.   favorable to the appellee.  *Reitz* v. *Hodgkins* (1916), 185 Ind. 163, 112 N. E. 386.

An examination of the record discloses that the appellant purchased the farm in 1917, under a written contract with the then owner, which contract

2.   described the farm as containing fifty acres. John Hawk, from whom appellant purchased said farm testified as a witness on the trial of this case. He testified that he told the appellant, at the time he sold him said farm, that while his, Hawk's, deed from one Markley called for 52.95 acres, yet, there were only fifty acres in the farm and that because of the shortage Markley had to pay back to him $355 of the purchase price; that he told appellant that he had caused it to be surveyed and that there were only fifty acres in the farm; that when he sold the farm to appellant and came to make the deed, the appellant, although he knew that said farm contained only fifty acres, requested him to make the deed as showing 52.95 acres, so that it would correspond with the deed he had received from said Markley, and the deed was accordingly so made.

There is also testimony by one Ott, father-in-law of Farrar, that he went to look at this farm, at the request of Farrar, saw the appellant and told him that he was there at Farrar's request to look over the farm; that

he looked over the farm the day before Farrar bought it; that he asked Wolfcale as to the number of acres in the farm and that Wolfcale replied, "It overruns, the deed calls for 52.95 acres, more or less, but it overruns nearly to 55 acres;" that he reported to and told Farrar what Wolfcale had said about the acreage of said farm.

Appellee Farrar testified that he sent his father-in-law to inspect said farm for him, and that on his return the conversation, as testified to by Ott was related to him; that he believed said statements so made by Wolfcale to be true and relied upon them in making said purchase.

Taking the entire record, we are impressed that the appellant deliberately and knowingly misrepresented the acreage of said farm. The evidence abundantly sustains the decision of the court, and we can find no reasonable grounds for prosecuting this appeal. The judgment is affirmed with ten per cent. damages.

Affirmed.