DALLAS & MAVIS FORWARDING COMPANY, INC. *v.*
LIDDELL

[No. 18,609. Filed April 22, 1955. Rehearing denied May 27, 1955. Transfer denied December 15, 1955.]

*Roland Obenchain, Sr., Roland Obenchain, Jr.,* and *Jones, Obenchain & Butler,* of South Bend, for appellant.

*Winslow Van Horne,* of Auburn, for appellee.

ROYSE, P. J.—Appellee brought this action to recover damages for personal injuries sustained in a highway collision by reason of the negligence of an employee of appellant. Trial to a jury resulted in a verdict for $17,000.00 in favor of appellee. Judgment accordingly.

The error assigned here is the overruling of appellant's motion for a new trial. In its brief appellant specifically limits the question presented here to the fourth specification of that motion, that the damages are excessive.

In support of this contention appellant contends the evidence does not sustain the amount of damages awarded, and that the court erred in giving appellee's instruction No. 6 over its objection.

While there was a sharp conflict in the medical testimony in this case, we may consider that only most favorable to the appellee. All of the medical witnesses agreed appellee was injured in the accident. The conflict arose over the results of that injury. There was evidence from a specialist in orthopedic surgery whose qualifications were not questioned that appellee was suffering from a traumatic spondylitis, or traumatic arthritis of her cervical spine and radiculitis or evidence of nerve root irritation; that this condition was the result of the injury she received in the accident; that this is a long-lasting condition. In answer to a question of appellant's counsel as to whether appellee's spondylitis is mild, moderate or severe, he said it was moderate.

Prior to the accident appellee was in good health. After the injury her neck became stiff and it hurt her to move it at times. She cannot do much of the housework she formerly performed. She cannot dust a room without sitting down to rest because her back aches when she bends down and then up. She has difficulty in getting out of bed in the mornings and she has to move around in a position so she can slip down on her knees to get up. She has to wear a surgical corset. This irritates and bruises her skin. She has suffered at least a partial loss of her grip. Her condition at the time of the trial (over two years after the accident) seemed worse than it was immediately thereafter.

Regardless of what our view may be as to the amount of the verdict, we cannot substitute our view for that

of the jury unless it clearly appears that the amount is so large it cannot be explained on any reasonable hypothesis other than prejudice, passion, partiality, corruption, or other improper considerations. *Pohlman* v. *Perry* (1952), 122 Ind. App. 222, 103 N. E. 2d 911; *Kawneer Manufacturing Company* v. *Kalter* (1917), 187 Ind. 99, 101, 102, 118 N. E. 561.

Upon the foregoing record we cannot disturb the verdict of the jury unless the giving of appellee's Instruction No. 6 is reversible error. Appellee's Instruction No. 6 given by the court is as follows:

"I instruct you that you are permitted to take judicial notice of the life expectancy which the plaintiff may be expected to have, that is how long she may be expected to live".

Appellant's objection to this instruction is as follows:

"Defendant excepts and objects to the giving of plaintiff's tendered Instruction No. 6 for the reason that said instruction permits the jury deliberating upon the issues of fact in this action to take into consideration the expectancy of life of the plaintiff, as to which there has been no evidence adduced in this action, and for the further reason that it permits the jury to perform a function of the court— that is to say, it permits the jury to take judicial notice of life expectancy tables, when the jury by reason of its lack of qualifications and experience in the study of law, is unable to take judicial notice of any fact, the taking of judicial notice of facts being solely within the province of the trial judge and being a matter of law rather than a matter of evidence."

We are of the opinion the trial court erred in giving this instruction. However, it is to be noted that appel-

lant does not raise the question that this is an erroneous instruction but here contends only this instruction caused the jury to consider improper matters in arriving at the amount of its verdict. Appellant's objection to the trial court did not assert this instruction permitted the jury to consider improper matters in determining the amount of damages awarded appellee.

It is settled that in considering the question of whether damages are excessive, this court may take judicial notice of life expectancy tables even though they were not introduced in evidence or in any manner referred to in the trial court. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company* v. *Sudhoff, Administratrix* (1910), 173 Ind. 314, 330, 331, 90 N. E. 467. (In that case the briefs of the parties make no reference to mortality tables) ; *Peacock Coal and Mining Company* v. *Crawford* (1917), 65 Ind. App. 401, 407, 117 N. E. 504.

This instruction is not mandatory. It merely states the jury is *permitted* to take judicial notice of the life expectancy of appellee. In considering the question of damages the court or jury may consider the life expectancy of the individual prior to the accident in determining the extent of the injury, the consequent disability to perform the ordinary pursuits of life, and the bodily and mental suffering which will result. 15 Am. Jur. 488, §79. The instruction here questioned does not state the jury may consider appellee's life expectancy prior to the accident. In our opinion it may reasonably be construed to say that the jury could consider her expectancy at the time of the trial which, as heretofore indicated, was more than two years after she was injured. We do not believe the substantial rights of

appellant were prejudiced by this instruction. *Pittsburgh, etc. Railway Company* v. *Sudhoff, supra.*

Judgment affirmed.[1]

Plaff, J., not participating.

NOTE.—Reported in 126 N. E. 2d 18.

Transfer denied, dissenting opinion, 130 N. E. 2d 459.

---

[1] This case was argued March 3, 1955. At the request of appellant, agreed to by appellee, we delayed sending this decision to the Clerk's office until this time.