DALLAS & MAVIS FORWARDING COMPANY, INC. *v.* LIDDELL.

[No. 18,609. Filed April 22, 1955. Rehearing denied May 27, 1955. Transfer denied December 15, 1955.]

*Roland Obenchain, Jr., Roland Obenchain, Sr., Jones, Obenchain & Butler,* all of South Bend, for appellant.

*Winslow Van Horne,* of Auburn, for appellee.

BOBBITT, C. J.—The principal question raised by the petition to transfer is the correctness of plaintiff's-appellee's Instruction No. 6, which was given by the court. The Appellate Court has held[1] that this instruction as given was improper and that the rights of appellant, under the evidence in this case, were not prejudiced thereby. In this we concur. However, it is proper for the court to instruct the jury that in determining the amount of damages, if any, it may consider the plaintiff's life expectancy, where there is evidence upon which to base such instruction. *Reitz* v. *Hodgkins* (1916), 185 Ind. 163, 169, 112 N. E. 386; *Peacock Coal, etc. Co.* v. *Crawford* (1917), 65 Ind. App. 401, 407, 117 N. E. 504.

1. *Dallas & Mavis Forwarding Company* v. *Liddell* (1955), 126 Ind. App. 113, 126 N, E. 2d 18.

Whether or not life expectancy, as distinguished from mortality tables, is a matter of judicial knowledge is one which we need not here determine, nor was it necessary for the Appellate Court to do so.

We find no cause for transfer and the petition should be denied.

Petition to transfer denied.

Landis, Arterburn and Achor, JJ., concur.

Emmert, J., dissents with opinion.

### DISSENTING OPINION

EMMERT, J.—Appellee's Instruction No. 6 is as follows:

> "I instruct you that you are permitted to take judicial notice of the life expectancy which the plaintiff may be expected to have, that is how long she may be expected to live."

The objection, timely made, specified that the instruction "permits the jury deliberating upon the issues of fact in this action to take into consideration the expectancy of life of the plaintiff, as to which there has been no evidence adduced in this action, . . . ." The Appellate Court held that the trial court erred in giving the instruction, but it was not reversible error.

For a number of years it has been settled law that "In considering the effect of an erroneous instruction, we must assume that the error influenced the result, unless it appears from the evidence, or by some part of the record, such error did not affect the result, and that the verdict under proper instructions could not have been different. *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577; *Probst, Receiver* v. *Spitznagle* (1938), 215 Ind. 402, 19 N. E. 2d 263." *Public Service Co.* v. *DeArk* (1950), 120 Ind. App. 353, 361, 92 N. E. 2d 723.[1] See also *Beneks* v. *State* (1935), 208 Ind. 317, 328, 329, 196 N. E. 73.

There are several kinds of judicial notice, and it is quite apparent the instruction permitted the jury to take judicial notice of a matter of scientific fact concerning which neither it nor the judge could be advised without a reference to mortality tables. The judge did not in any instruction state what the appellee's life expectancy would be according to any mortality table. No evidence of mortality tables was introduced, and this is the standard practice as indicated by *Louisville, New Albany and Chicago Railway Company* v. *Miller* (1895), 141 Ind. 533, 563, 37 N. E. 343. This is so that the jury will not be asked to guess or speculate as to what the plaintiff's life expectancy may be.

If the cause had been tried by the court without the intervention of a jury, the trial judge could have advised himself and judicially noticed a mortality table showing the life expectancy of the appellee (plaintiff), who at the time of trial was forty-one (41) years of age. See Mortality Tables, Vol. 12, Burns' Indiana Statutes, 1953 Replacement, pp. 468 to 472, inclusive. The jury was told it could take into consideration the life expectancy the plaintiff may be expected to have. In the absence of the introduction of any mortality table, the jury's consideration on this could only be mere conjecture and speculation. A new trial should have been granted.

The petition to transfer should have been granted.

NOTE.—Reported in 130 N. E. 2d 459.

1. "The rule is now firmly established in Indiana that an erroneous instruction cannot be cured by giving another correct instruction on the same subject matter, but the erroneous instruction must be withdrawn, otherwise its giving is reversible error. *O'Neil* v. *State* (1939), 216 Ind. 21, 22 N. E. 2d 825; *Brannin* v. *State* (1943), 221 Ind. 123, 46 N. E. 2d 599; *Steinbarger* v. *State* (1948), 226 Ind. 598, 82 N. E. 2d 519." *Todd* v. *State* (1951), 229 Ind. 664, 671, 672, 101 N. E. 2d 45.