STEINER, D/B/A S. & G. EXCAVATING COMPANY *v.* GOODWIN, ADMINISTRATRIX, ET AL.

[No. 20,329. Filed April 5, 1966.]

*Edbert P. Zell, Jr.*, and *Zell & Zell*, of Clinton, and *Jerdie D. Lewis* and *Lewis and Lewis*, of Terre Haute, for appellant.

*Jack H. Mankin*, of Terre Haute, and *James P. Savage*, of Clinton, for appellee.

FAULCONER, J.—This is an appeal from an action for damages for the wrongful death of appellee's decedent, which action was venued from the Superior Court of Vigo County to the Vermillion Circuit Court. Trial was by jury which rendered a verdict for appellee, and judgment was duly entered thereon. Appellant's motion for new trial was overruled, which ruling is assigned as error in this appeal.

Appellee's amended complaint was filed against Frank M. Steiner and Kenneth Steiner, d/b/a S. & G. Excavating Company, and alleged that the defendants were the owners of a business known as S. & G. Excavating Company in the general business of excavating and demolishing buildings; that defendants were in the process of demolishing a dwelling house in Terre Haute, Indiana, and were offering for sale and selling used building materials to members of the general public; that plaintiff-appellee's decedent went on said premises upon the invitation of the defendants for the purpose of purchasing certain used building materials from defendants; and that while the plaintiff's decedent was on said premises transacting the business of purchasing used building materials, defendants negligently and carelessly caused or permitted the roof over the front porch of the dwelling house to collapse and fall upon plaintiff's decedent and thereby causing his death almost instantly.

> Specifications 1(a) and (b) of appellant's motion for new trial have been waived for failure to argue same on this appeal. Rule 2-17(e) and (f), Rules of the Supreme Court, 1964 Revision.

Appellant has also waived the giving by the trial court of plaintiff-appellee's Instructions Nos. 14-A, 15, 25, 27, 28, 32,

34-A and 47 under specification 5(e) of his motion for new trial. Appellant's argument concerning these instructions consists only of the instructions and appellant's respective objections as made to the trial court. This is insufficient compliance with Rule 2-17(e) and (f), *supra*. *Rentschler* v. *Hall* (1947), 117 Ind. App. 255, 266, 69 N. E. 2d 619 (Transfer denied).

Appellant argues only the refusal of the trial court to give his tendered Instructions Nos. 8 and 36 and, therefore, waives the refusal of the trial court to give his tendered Instructions Nos. 7, 9, 12, 13, 16, 17, 19, 27 and 28 under specification 5(d) of his motion for new trial. We find no error in the trial court's refusal to give appellant's tendered Instructions Nos. 8 and 36 as the contents of both were fully covered by other instructions given, two of which were tendered by appellant. *Taylor* v. *Fitzpatrick* (1956), 235 Ind. 238, 248, 132 N. E. 2d 919; *Cauldwell, Inc., et al.* v. *Patterson* (1962), 133 Ind. App. 138, 177 N. E. 2d 490 (Transfer dismissed).

Appellant groups together, under one argument, specification 4, that the verdict is contrary to law, and specification 5(b), the court erred in overruling defendant-Kenneth Steiner's motion for directed verdict at the close of plaintiff's evidence. Appellant contends that the undisputed evidence shows that this action was commenced and went to trial against "Frank M. Steiner and Kenneth Steiner, d/b/a S. & G. Excavating Company;" that plaintiff alleged in rhetorical paragraph 2 of her amended complaint that "defendants Frank M. Steiner and Kenneth Steiner were the owners of a business known as S. & G. Excavating Company;" that, on the contrary, said business on said date was being conducted by Jack M. Steiner and Kenneth Steiner, partners; and that Frank M. Steiner had no interest in said business, financial or otherwise. The trial court, at the close of plaintiff-appellee's evidence sustained a motion for a directed verdict in favor of the defendant-Frank M. Steiner. Appel-

lant contends that failure to name Jack M. Steiner along with the other partner, Kenneth Steiner, as a party defendant and serve process on him "is fatal to recovery in the instant case."

Appellee, in answer to appellant's contention, states that nowhere in the amended complaint is there an allegation that Frank M. Steiner and Kenneth Steiner are partners, but that it clearly shows that the defendants were sued as individuals.

Appellant cites two cases in support of his position on this issue. In *Lewis* v. *Joseph Hartley & Sons Co.* (1949), 119 Ind. App. 468, 83 N. E. 2d 438 (Transfer denied), the caption of the complaint and the summons identified the defendants as partners, but there was no allegation of such in the complaint or evidence at the trial. The partners in that case, in appealing a judgment against both of them, contended that since there was no evidence of the existence of a partnership there was no partnership liability shown.

After holding that there was sufficient evidence to sustain a joint liability, this court, speaking through Judge Bowen, at pages 473-4 of 119 Ind. App., said:

> "The fact that in the summons such individuals were described as partners doing business as A. A. Lewis and Company, and that the caption of the complaint described them as such, could not have caused such parties to believe that under no circumstances could they be held individually liable as claimed by Appellants. They were bound to know that the court would have the power to have rendered judgment against them as individuals."

The other case cited by appellant, *Thomson* v. *Corn* (1936), 102 Ind. App. 6, 200 N. E. 737, is clearly distinguishable from the facts in the case presently before us. Appellant quotes from these authorities the general propositions that partnerships cannot be sued as such, and an action to enforce partnership liability must be brought against the individual partners. We have no quar-

rel with these general principles of law. However, in our opinion, such general principles of law are not applicable to the facts in this case. Nowhere in the complaint or summons in the case at bar were the defendants designated as partners, nor was evidence introduced in an attempt to prove a partnership. Therefore, the trial court did not err in overruling defendant-appellant, Kenneth Steiner's motion for directed verdict at the close of plaintiff-appellee's evidence, and the verdict is not contrary to law.

Appellant, in part one of his argument under specification 5(c) of his motion for new trial, that the court erred in overruling his motion for directed verdict at the close of all the evidence, advances the same ground as argued under specifications 4 and 5(b), which we have disposed of above.

Appellant, in part two of his argument under this specification, contends that the evidence shows appellee's decedent was only a licensee by permission and that said decedent was guilty of contributory negligence. With this contention we cannot agree. A review of the record in this case demonstrates ample evidence to support the refusal of the trial court to grant appellant's motion for a directed verdict on these grounds. *Beck* v. *O'Dell* (1923), 193 Ind. 386, 397, 140 N. E. 527; *Jackson, Rec.,* v. *Mauck* (1920), 189 Ind. 262, 268, 126 N. E. 851.

Appellant also contends that the trial court erred in giving plaintiff's tendered Instruction No. 18 which instructed the jury that

> "If you find for the plaintiff, you will award such damages as in your judgment will fairly compensate the widow and child of Robert Louis Goodwin, if any, dependent upon him for support. You should take into consideration plaintiff's decedent's age at the time of his death, his life expectancy and his earning capacity."

It is not error for the court to instruct the jury in a wrongful death action that the jury may take into consider-

ation, among other things, the decedent's age and his life expectancy. *Indianapolis Traction, etc., Co.* v. *Lee, Exrx.* (1918), 67 Ind. App. 105, 114, 118 N. E. 959.

There must, however, be evidence upon which to base such an instruction. *Dallas & Mavis Forwarding Co., Inc.* v. *Liddell* (1955), 126 Ind. App. 113, 126 N. E. 2d 18 (Transfer denied, 234 Ind. 652, 130 N. E. 2d 459).

Appellant asserts that there is no evidence as to decedent's average daily, weekly or monthly income on the date of his death or for any time prior thereto, and that there is no evidence that decedent contributed any specific amount for the support of his widow and minor child. These are conclusions of appellant and their necessity is not supported by authority. A review of the record, in our opinion, shows evidence from which the jury could find that decedent was 39 years of age, in good health, earned around two dollars per hour, and that his widow and child were dependent upon him.

The court also gave to the jury plaintiff's tendered Instruction No. 19 which reads as follows:

"According to the 1937 Standard Annuity Table of Mortality the life expectancy of a man age 39 years is 33.86 years.

"This fact, of which the Court takes judicial notice, may be considered by you in arriving at the amount of damages, if you find that plaintiff is entitled to a verdict."

Appellant assigned and here argues that the giving of this instruction was reversible error. Again, appellant has set forth only the instruction and his objection thereto at the trial. He has failed to sufficiently comply with Rule 2-17(e), *supra,* and, therefore, any error in giving Instruction No. 19 has been waived.

Appellant argues that such an instruction has been held to be erroneous and it is error to give such an instruction,

citing *Dallas & Mavis Forwarding Co., Inc.* v. *Liddell, supra*. The instruction involved in that case which this court (126 Ind. App. 113, 116, 126 N. E. 2d 18) held error, but not reversible, instructed the jury, in substance, that they were permitted to take judicial knowledge of the life expectancy which the plaintiff may be expected to have. This, of course, is distinguishable from the instruction here involved. The Supreme Court in denying transfer in *Dallas & Mavis Forwarding Co., Inc.* v. *Liddell, supra* (234 Ind. 652, 130 N. E. 2d 459), stated clearly that where there is evidence upon which to base it, an instruction is proper that informs the jury that in determining the amount of damages it may consider plaintiff's life expectancy.

Specification 5(a) of appellant's motion for new trial alleged error in the trial court giving, over appellant's objection, Court's Preliminary Instruction No. 7. This instruction defined an invitee and the duty owed to him by the owner. Appellant's objection and argument is that this instruction was not proper as a preliminary instruction and was prejudicial in that, before the introduction of any evidence, it inferred to the jury that plaintiff's decedent was a licensee by invitation.

Judge Mote, speaking for this court in the recent case of *Stillwell* v. *Adams* (1963), 135 Ind. App. 495, at page 498, 193 N. E. 2d 74 (Transfer denied, 244 Ind. 608, 194 N. E. 2d 806), in discussing the giving by the trial court of a preliminary instruction defining negligence, stated:

> "In pursuance of Supreme Court Rule 1-7A, the trial court was required to give preliminary instruction 'as to the issues for trial,' etc., and inasmuch as there were no issues tendered by the pleadings which concerned negligence, we think that the giving of such instruction constituted prejudicial error." (Citing authorities).

One of the allegations in appellee's complaint in the present action was that said defendants were offering for sale and selling used building materials to members of the gen-

eral public, and that plaintiff's decedent went on said premises upon the invitation of the defendants for the purpose of purchasing used building materials from defendants.

Neither party cites any authority in support of their positions on this issue and appellant fails to inform us in what way the instruction was not proper under Rule 1-7A, Rules of the Supreme Court. The only reason given by appellant that it was prejudicial is that it inferred to the jury that plaintiff's decedent was a licensee by invitation before any evidence was introduced. We cannot agree with appellant's contention under the circumstances as disclosed by the record in this cause. Appellee alleged in her complaint that her decedent went upon the premises of defendants to purchase building materials from the defendants, which materials defendants were offering for sale; evidence was introduced to establish this allegation and the jury was not only entitled to such an instruction, but it would have been error for the trial court not to so instruct the jury. The jury was also fully instructed on the law as to licensees by permission and trespassers.

Although such a procedure may be exceptional in that such instructions are usually given as final instructions, we are of the opinion that under the circumstances, ■ pleadings and evidence in this cause, it did not constitute reversible error.

In an appeal by a defendant convicted of violating § 17 of the Indiana Uniform Narcotic Drug Act our Supreme Court in *Merritt* v. *State* (1964), 245 Ind. 362, 198 N. E. 2d 867, at pages 870-871, approved the following portion of the trial court's preliminary instruction, reading as follows:

" 'Any other interpretation of the law would weaken the safeguards erected by society for its protection; for by the nonenforcement of the law and its penalties in all criminal cases where it is shown by the evidence, beyond a reasonable doubt, to have been violated, contempt for the law is bred among the very class that it is intended to restrain.' "

In *Stull* v. *Davidson et al.* (1955), 125 Ind. App. 565, at pages 579-580, 127 N. E. 2d 130, this court said:

"We must read these instructions in question as a part of the entire charge to the jury. If, considering the instructions as a whole, they fully and fairly instruct the jury as to every material fact in controversy, they will be considered as sufficient. Error in any particular instruction will not justify a reversal unless it be of such a nature as to vitiate the whole charge to the jury and such charge is vitiated only when the instruction is so erroneous that it must be concluded that the jurors have been misled as to the law of the case. *Hough* v. *Miller* (1942), 112 Ind. App. 138, 44 N. E. 2d 228; *Jones* v. *Kasper* (1941), 109 Ind. App. 465, 33 N. E. 2d 816; *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 122 N. E. 2d 345."

Under specifications 2 and 3 of his motion for new trial appellant asserts that the damages assessed were excessive and the verdict of the jury is not sustained by sufficient evidence. After a review of appellee's evidence we find no merit in these contentions under the well-established law in Indiana concerning this issue.

Appellant having failed to sustain his burden of showing reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

Prime, C. J., Carson and Wickens, JJ., concur.

NOTE.—Reported in 215 N. E. 2d 361.