William McCUE, McCue Express, Inc., and Huey L. Ramsey, Appellants (Defendants Below),

v.

Jesse F. LOW, Appellee (Plaintiff Below).

No. 1–578A122.

Court of Appeals of Indiana, First District.

Feb. 14, 1979.

Harold H. McConnell and John M. McGrath, North Vernon, for appellants.

Don Hubert Wickens, Hubert E. Wickens, W. Michael Wilke, Greensburg, for appellee.

LYBROOK, Presiding Judge.

Plaintiff-appellee Jesse F. Low brought this action in Decatur Circuit Court to recover for personal injuries and property damage stemming from a December 4, 1973, collision between Low's truck and a tractor-trailer driven by defendant-appellant Huey L. Ramsey, an employee of defendants-appellants McCue Express, Inc., and William McCue, owners of the tractor-trailer. A jury found for Low, awarding damages of $30,000.

Appellants do not challenge the jury's finding of liability, and they raise only two issues for our review:

(1) Whether the trial court committed reversible error in giving final instruction No. 15; and

(2) Whether the damage award was excessive and thus contrary to law.

We affirm.

### Issue I.

The challenged instruction, tendered by the plaintiff and given by the court, reads as follows:

"The Court instructs you that the age of the plaintiff at the time of his injury has been proved to be 33 years. You are further instructed that the life expectancy of a white male 33 years of age has been proved to be 38.28 years, by the United States Life Tables. You are also instructed that in determining the value of plaintiff's permanent impairment, if any, you may take into consideration the age of the plaintiff at the time he sus-

tained the injuries in controversy and the life expectancy of a male person that age, all as proved by the evidence in this cause."

Appellants' timely objection at trial, reargued in their motion to correct errors, was that there was no evidence to support the giving of the instruction because the United States Life Tables specifically referred to were not offered and admitted into evidence.[1]

■■■ Appellants admit that it is well-established in Indiana that standard mortality tables may be introduced into evidence to show the probable duration of a plaintiff's life on the question of compensation for permanent injuries. *Louisville, New Albany and Chicago Railway Co. v. Miller,* (1895) 141 Ind. 533, 37 N.E. 343; 13 I.L.E. *Evidence* § 166 (1959). They also admit that, once such tables are in evidence, it is proper for the court to instruct the jury that, in determining the amount of damages, if any, it may consider the plaintiff's life expectancy. *Dallas & Mavis Forwarding Co., Inc. v. Liddell,* (1955) 126 Ind.App. 113, 126 N.E.2d 18; *transfer denied,* 234 Ind. 652, 130 N.E.2d 459. Appellants have never challenged the truth of the statement that a white male 33 years old has a life expectancy of 38.28 years. In fact, in their treatment of the second alleged error, appellants concede the value of the jury's receiving such information when they argue that the damage award is excessive and the result of speculation because the jury did not properly have before it a life expectancy guideline.

■■■ Appellants correctly contend that it is error to give an instruction concerning a fact of which there has been no evidence. *Wylie v. Meyers,* (1958) 238 Ind. 385, 150 N.E.2d 887; 2 Wiltrout *Indiana Practice* § 1400(3) (1967). The crux of appellants' argument, then, is whether or not the lack of formal admission into evidence of the United States Life Table is fatal to this instruction.

■■■ It is well-settled that trial courts may take judicial notice of standard mortality tables which are matters of common knowledge of which there is a certainty and of which there is no dispute. *School City of Gary v. State,* (1970) 253 Ind. 697, 256 N.E.2d 909; *Shover v. Myrick,* (1891) 4 Ind. App. 7, 30 N.E. 207. In amplifying the concept of judicial notice, we have said:

"[T]he court will bring to its aid, without proof or evidence of the facts, its knowledge of the existence or nonexistence of such facts." *Carter v. Neeley's Estate,* (1936) 102 Ind.App. 257, 259, 2 N.E.2d 221, 222.

The precise procedure by which a court may bring these facts to its aid is the issue here. Must the court expressly take judicial notice of a life expectancy figure from a standard mortality table, upon the request of a party or sua sponte, during the formal presentation of the parties' evidence, or may the court take judicial notice during the giving of its final instructions? If it is permissible to judicially note such a fact during final instructions, must the court expressly say that it is taking judicial notice, or may the court simply include the fact in its instructions?

Our research reveals that these questions have not been answered dispositively by our state courts. *See Dallas & Mavis, supra; Steiner, d/b/a S. & G. Ex. Co. v. Goodwin, Admx.,* (1966) 138 Ind.App. 546, 215 N.E.2d 361. Other jurisdictions, however, have expressly held that it is not necessary to a recovery of damages for wrongful death or permanent injuries that mortality tables be introduced into evidence to prove life expectancy. The fact that no such evidence is offered does not prevent the trial court

---

1. In their motion to correct errors and to this court, appellants also argue that the phrase "all as proved by the evidence in this cause" was confusing to the jurors who knew that no such life expectancy evidence had been admitted. Appellants contend this could have affected the jury's consideration of other instructions and other parts of the evidence. We need not address this contention because appellants did not so argue in their objection to the instruction at trial. An objection not made at trial is waived. *Lutz v. Goldblatt Bros., Inc.,* (1967) 140 Ind.App. 678, 225 N.E.2d 843.

from placing the matter before the jury because the court is entitled to take judicial notice of accepted mortality tables. 87 A.L.R. 910; *Turner v. Cowart,* (Mo.1969) 450 S.W.2d 441; *Sims v. Smith,* (1932) 115 Conn. 279, 161 A. 239; *Roalsen v. Oregon Stevedoring Co.,* (1928) 147 Wash. 672, 267 P. 433; *Stroup v. Northeast Oklahoma R. Co.,* (1927) 123 Kan. 206, 254 P. 396 (denying rehearing of 122 Kan. 587, 253 P. 242); *Ruehl v. Lidgerwood Rural Telephone Co.,* (1912) 23 N.D. 6, 135 N.W. 793; *City of Lincoln v. Power,* (1894) 151 U.S. 436, 14 S.Ct. 387, 38 L.Ed. 224. *Cf. Kavanagh v. Butorac,* (1966) 140 Ind.App. 139, 221 N.E.2d 824; *Minardus v. Zapp,* (Tex.Civ. App.1938) 112 S.W.2d 496.

■ We cannot see how appellants were prejudiced by the court's taking judicial notice of a life expectancy figure as it gave final instructions. As stated earlier, defendants do not challenge the truth of the court's statement as to the life expectancy of the plaintiff, and they admit such figures are admissible as relevant to damages for permanent injuries. They themselves argue that juries are not to be allowed to speculate, conjecture or guess when arriving at a damage award. Formal admission into evidence would be the better practice, but to require it, in this case, would sanctify form over substance and might require a reversal where no prejudice has been shown.

■ Likewise, we cannot see how appellants were prejudiced by the fact that the court did not expressly acknowledge that it was exercising its authority to take judicial notice of a fact. Although it might have been the better practice for the court to have done so, the record clearly allows us to assess the true state of affairs, and the jury could not have been misled by the omission of a legal term the inclusion of which most probably would have been meaningless to the jurors. *See Stroup v. Northeast Oklahoma R. Co., supra.*

■ We hold that, when a jury is being asked to assess damages, if any, for permanent injuries, it is permissible for the trial court to judicially note the plaintiff's life expectancy as shown by standard mortality tables during its final instructions and to do so without expressly saying that it is taking judicial notice of that fact. Accordingly, no error was committed in the giving of the challenged instruction.

Issue II.

■ Appellants next argue that the damages awarded by the jury were excessive as a matter of law. In determining whether the amount of an award is excessive, the reviewing court may only consider the evidence most favorable to the award and cannot substitute its view as to the proper amount of an award for the jury's view unless it clearly appears that the amount awarded is so large it cannot be explained by any reasonable hypothesis other than prejudice, passion, partially, corruption or other improper consideration. *Dallas & Mavis, supra.*

■ Appellants acknowledge that the evidence showed that Low was 33 years old when the accident occurred; that he suffers a resulting back problem which shows no sign of abatement; that he had incurred direct medical expenses of $1,026 during the four years between the accident and the trial; that he can expect to spend a total of $8,698 on direct medical expenses during his lifetime; that he suffered uninsured and unreimbursed damage to his truck of $2,600; that he lost rental income from his truck of $2,300;[2] that Low's back problem required him to give up various hauling enterprises, the income from which he lost; that he lost income from hauling fertilizer was between $2,000 and $3,000 each year; and that the lost income from hauling produce was $1,500 each year. The evidence also showed that he had experienced weakness and pain in his back since the accident,

---

2. Appellants' argument that it was error to allow recovery for both the damage to the truck and the loss of rental income during the time it took Low to replace the truck is waived because of appellants' failure to object at trial to final instruction No. 12 on the elements of damage and to argue same in their motion to correct errors.

and that his future earning capacity was impaired.

The jury was properly instructed that it could consider all the above factors, among others, in assessing damages.

We cannot say from this record that a jury verdict for Low in the sum of $30,000 is so large as to show prejudice, passion, partiality, corruption or other improper consideration.

Affirmed.

LOWDERMILK and ROBERTSON, JJ., concur.