SHEETS *v*. STALCUP.

[No. 15,935.  Filed March 10, 1938.]

*Ernest M. Wright, Moffett & Moomaw* and *Chester Y. Kelley,* for appellant.

*Edwin B. Long, Lutz & Johnson* and *Paul M. Messick,* for appellee.

KIME, J.—This action was brought by appellee, Ida Stalcup, under §47-1021 Burns 1933, §11265 Baldwin's

1934, which is commonly known as the guest statute, against appellant, Elmer Sheets, for damages sustained by her as the result of his alleged reckless disregard and heedless indifference to her rights while riding as a guest in his automobile. To the complaint appellant answered in general denial. Trial was had to the court who found for appellee that the allegations of her complaint were true and that she should recover damages in the sum of $750.00 and judgment was entered accordingly.

Appellant's motion for new trial containing three grounds was overruled. This appeal followed and the error assigned is the overruling of the motion for new trial, the grounds thereof, which are properly presented, being that the decision of the court is not sustained by sufficient evidence and is contrary to law.

So much of the evidence as is pertinent to a decision here discloses without contradiction that appellee was riding as a guest in an automobile belonging to and driven by appellant; that appellee and her young daughter were riding in the back seat; that Roy Stalcup, her husband, was in the front seat with appellant; that the automobile in which they were riding was traveling south on a hard surface "black top" road; that somewhere between one hundred and three hundred feet ahead was an automobile being driven south by a Mr. Stone; that another automobile was proceeding north driven by a Mr. McKee on the same road; that the last two mentioned automobiles when they topped the brow of a hill collided; that appellant saw the automobiles collide; that the Stone automobile disappeared over the hill; that the McKee automobile lost its left front wheel in said collision and as a result his automobile became uncontrollable after running a short distance and started angling toward appellant's side of the road; that appellant drove his automobile over on the berme

and either slowed down to almost a stop or did stop and then proceeded forward and when he saw that perhaps the angling automobile was going to hit his automobile head-on he "tried to get it (his automobile) to do all it would," and that he believed at the time he saw the McKee automobile start toward him that if he kept on he could get out of the way and avoid being hit, and that he used his best judgment when he decided to attempt to get out of the way of the McKee automobile by starting his automobile and attempting, while his own automobile was partly on the road and partly on the berme to get out of the way of the McKee automobile; that Roy Stalcup remarked when appellant attempted to get out of the way of the McKee automobile, "Don't you be a fool too"; that appellant and Stalcup talked about the accident several times and appellant said that he thought he could pass the automobile but made a mistake.

Appellant contends that there is no evidence proving or tending to prove, or from which a reasonable inference may be drawn that appellee's injury was proximately caused by appellant's reckless disregard of the rights of appellee, as intended under the guest statute.

Just what is meant by the words "reckless disregard of the rights of others" is not defined by the guest statute, however, such phrase does "fix a standard of conduct, which, if not observed, will result in liability for damages sustained, without, however, undertaking to apply that standard to any given state of facts, thus leaving the question as to what constitutes a reckless disregard of the rights of others open for determination as a question of fact when the evidence is conflicting, or when different inferences from the evidence may be reasonably drawn." *Armstrong* v. *Binzer* (1937), 102 Ind. App. 497, 199 N. E. 863. The court in the same case approved a definition of "reckless disregard for the rights of others" as used in the statute to mean "where

the owner or operator of an automobile voluntarily does an improper or wrongful act, or with knowledge of existing conditions, voluntarily refrains from doing a proper and prudent act, under circumstances when his action, or his failure to act, evinces an entire abandonment of any care, and a heedless indifference to results which may follow, and he recklessly takes the chance of an accident happening without intent that an accident may occur."

Using the above definition as a basis there is no evidence from which the court could have concluded that appellant was guilty of a reckless disregard of the appellee's rights, as the evidence clearly shows that upon seeing the collision between the McKee and Stone automobiles, he drove his automobile on the side of the road partly on the berme and partly on the hard surface and slowed down to either a complete standstill or moved very slowly; that when he saw that his automobile might be hit by the McKee automobile, he accelerated his automobile rapidly in an endeavor to avoid the collision with the McKee automobile; that he did so at that time in the belief that by so doing the apparent collision between his automobile and the McKee automobile could be avoided. The evidence discloses that when he speeded his automobile forward he used his best judgment in an emergency, and although it developed that such judgment was in reality bad, still it was his best judgment.

We must again reiterate that the question of what constitutes reckless disregard is a question of fact in each particular case and no all-inclusive rule can be adopted for application to every case. Here the operator of this automobile voluntarily did an act which was not in itself improper or unlawful but which proved to be imprudent. His action here did not evince an entire abandonment of care but on the con-

trary showed conclusively that he was at the time using such care as his best judgment indicated. There was no heedless indifference of the results which might have followed but on the other hand there was an honest but ineffectual effort to avoid the accident; and there is nothing to show or from which an inference might be drawn that he recklessly took a chance of the accident happening.

There is no evidence from which the court was warranted in concluding that the appellant proceeded without any heed or concern for consequences, but the evidence does indicate that he proceeded deliberately in an honest effort and attempt to avoid injurious consequences. It can not be said from the evidence, nor is there anything from which the court could conclude, that there was an absence of care that was coupled with reckless disregard for consequences.

We believe that the legislature in making "reckless disregard for the rights of others" the basis of liability had the idea that such recklessness necessarily included conduct manifesting indifference and a disregard of the rights of others. Here the appellant did not manifest an indifference or disregard the rights of others but when suddenly placed in a position of peril exercised his judgment taking into consideration what would be best under the circumstances for the rights of all concerned.

The decision herein is not sustained by sufficient evidence and is contrary to law. The court erred in overruling the motion for new trial. Judgment is reversed with instructions to sustain such motion.