STILLWELL *v.* ADAMS.

[No. 19,736. Filed October 7, 1963. Rehearing denied November 12, 1963. Transfer denied January 6, 1964, with opinion reported in 194 N. E. 2d 806.]

496

*Roland Obenchain, Jr.,* and *Douglas D. Seely, Jr.,* both of South Bend, for appellant.

*David L. Matthews,* of South Bend, for appellee.

Mote, C. J.—This is an action for damages incurred by appellee in an automobile collision which occurred while appellee was riding as a guest passenger in appellant's car. A jury trial resulted in a verdict and judgment for appellee in the sum of fifteen thousand ($15,000.00) dollars.

It appears that appellant and appellee, prior to the accident, had visited several taverns in South Bend and each had consumed several bottles of beer. At approximately one o'clock in the morning, the two men decided to go to a restaurant to obtain some food. While en route to the restaurant, appellant attempted to make a left turn and crashed into a pillar of a viaduct.

The case was tried on appellee's amended complaint, which alleged that appellee suffered injury in the accident and that the accident was caused by the appellant's wanton and wilful misconduct.

The appellant assigns as error the trial court's overruling of his motion for new trial, and in support thereof, among other things, he contends that after the jury had been selected and sworn, and before the opening statements of the parties, the court erred in giving the following preliminary instruction:

"Negligence which renders one liable to another who is injured thereby is the doing of some act or thing which it is his duty to refrain from doing; or the failing to do some act or thing which it is his duty to do. Or, to put it in other words, the doing of something which a reasonably careful and prudent person would not have done under the same or like circumstances, or the failing to do some-

thing which a reasonably careful and prudent person would have done under the same or like circumstances, constitutes negligence; and where such negligent act is done or omitted, and by reason of it another suffers injury therefrom, such negligent person it liable to the injured person, he being without fault."

over appellant's objection, as follows:

"The Defendant objects and excepts to the giving of Instruction Number Four by the Court on its own motion for the reason that the instruction in its present form purports to define the word 'negligence,' and then states that where a negligent act is done or omitted, and that by reason of it, where another suffers injuries, such negligent person is liable to the person. This is a guest case under the Indiana Statutes relating to the liability of a host-driver to his guest passenger. There is no basis in law for the finding of liability on the part of a host on simple negligence. The instruction, therefore, tends to confuse the jury and indicate to them that upon a finding of negligence, liability can be predicated upon the defendant in this action."

In pursuance of Supreme Court Rule 1-7A, the trial court was required to give preliminary instruction "as to the issues for trial," etc., and inasmuch as there were no issues tendered by the pleadings which concerned negligence, we think that the giving of such instruction constituted prejudicial error. *Hayes Freight Lines, Inc. et al.* v. *Wilson* (1948), 226 Ind. 1, 77 N. E. 2d 580; *Cleveland, Cincinnati, Chicago and St. Louis Railway Company* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238; *Hoesel* v. *Cain et al.; Kahler* v. *Cain et al.* (1944), 222 Ind. 330, 53 N. E. 2d 165.

It has been asserted that this claimed error has not been properly presented, and if it is, then other in-

structions tendered by appellee and given by
the court cured the harmful effect of said instruction. In view of the conclusion we have reached it is not necessary for us to, and we do not decide if such assertion is correct. It is enough to state, we think, that where the question is properly presented the giving of an instruction defining negligence as a preliminary instruction, when the action and issues are predicated upon the guest statute, so-called, hereinafter quoted, in and of itself is prejudicially harmful and erroneous.

However, we are not required to base our decision solely on the issue of the claimed erroneous instruction. The appellant also assigns as error, under the trial court's overruling of his motion for new trial, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

The case is within the provisions of §47-1021, Burns' 1952 Replacement, which reads as follows:

"47-1021. Guest of Owners or Operators—Right to Damages.—The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle." [Acts 1929, ch. 201, §1, p. 679; 1937, ch. 259, §1, p. 1229.]

The definition of wanton or wilful misconduct is set forth in *Becker* v. *Strater* (1947), 117 Ind. App. 504, 72 N. E. 2d 580, as follows:

"Willful or wanton misconduct consists of the conscious and intentional doing of a wrongful act

or omission of a duty, with reckless indifference to consequences, under circumstances which show that the doer has knowledge of existing conditions and that injury will probably result. *Bedwell* v. *Debolt* (1943), 221 Ind. 600, 50 N. E. 2d 875; *Hoesel* v. *Cain* (1943), 222 Ind. 330, 53 N. E. 2d 165; *Swinney* v. *Roler* (1943), 113 Ind. App. 367, 47 N. E. 2d 486; *Lee Brothers* v. *Jones* (1944), 114 Ind. App. 688, 54 N. E. 2d 108."

The burden was upon appellee, as plaintiff below, to show by a preponderance of the evidence that appellant was conscious of his conduct and, with knowledge of existing conditions that injury would probably result, he consciously and intentionally did some wrongful act or omitted some duty which produced the injury. *Brown* v. *Saucerman* (1958), 237 Ind. 598, 145 N. E. 2d 898; *Bedwell* v. *De Bolt* (1943), 221 Ind. 600, 50 N. E. 2d 875.

Under the new trial motion specification, we must examine the evidence to determine if there is any evidence or reasonable inference to be drawn therefrom which will support the verdict of the jury.

In determining whether a motorist has been guilty of wanton or wilful misconduct within the meaning of the guest statute, this court will consider the course of conduct involved and will not confine its inquiry to occurrences at the immediate time and place of the accident. *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 46 N. E. 2d 836.

The evidence most favorable to the appellee tends to show the following facts:

Appellant, although he and appellee had been drinking beer, acted completely normal during the course of time leading to the accident, and his driving was nor-

mal. When approaching the intersection at which the collision occurred, appellant drove his vehicle in the lane nearest the curb and did not weave or straddle across the lanes. On the street, there were two driving lanes going north and two lanes going south. Appellant was driving at a speed of thirty (30) to forty (40) miles per hour while approaching the intersection. After moving his automobile to the inside lane, appellant slowed the automobile's speed to fifteen (15) or twenty (20) miles per hour. The traffic signal turned green when the vehicle was one-half (1/2) block from the intersection, and appellant accelerated to twenty (20) to twenty-five (25) miles per hour. Upon reaching the intersection, at that speed, appellant started to make a left turn just before reaching a viaduct through which the street ran. Appellee then observed lights of an oncoming car, which prior to the turn, had been obstructed from view by pillars supporting the viaduct. Appellee shouted, "Look out", and appellant accelerated the speed of the car and it collided with one of the pillars, resulting in appellee's alleged injuries.

A conditional examination of appellant was admitted into evidence. The examination contained the statement, "The beer could have affected my sight in driving."

We think that this evidence, most favorable to appellee, fails to support a verdict that appellant was guilty of wilful and wanton misconduct in the operation of the automobile. There is no evidence to support such a verdict from the course of conduct leading to the accident. On the contrary, the evidence affords no inference other than that appellant's actions and driving were normal. While the evidence may be such as to warrant an inference that appellant's action, in attempting the turn, was negligent, there is no showing of wilful and wanton misconduct as

defined by our courts. There is no evidence or permissible inference therefrom to establish that appellant had knowledge of the existing conditions, including the approaching car, and that injury would probably result from his course of action.

A somewhat similar case wherein the driver of an automobile failed to see an approaching automobile and attempted to pass a line of traffic and thereby encountered disaster, was *Hoesel* v. *Cain et al.; Kahler* v. *Cain et al., supra.* The court in reversing a holding of wanton and wilful misconduct said:

> " . . . But there is no evidence that he knew the car was approaching from the south until his car had crossed the center line. After the Hoesel car drew out of the right line of traffic Kahler proceeded into the vacated space but there is no evidence that Hoesel knew that fact. . . . From this evidence the jury would have been warranted in concluding that Hoesel was negligent in not anticipating . . . the possibility of encountering a car coming from the south, but without his actual knowledge of its approach we are unable to persuade ourselves that the evidence supports a reasonable inference of his wilful and wanton misconduct. . . . "

See also *Sheets* v. *Stalcup* (1938), 105 Ind. App. 66, 13 N. E. 2d 346.

In the case of *Reynolds, Administratrix, etc.* v. *Langford* (1961), 241 Ind. 431, 172 N. E. 2d 867, the defendant, Langford, had driven his automobile through a stop sign into an intersection at a speed of fifty (50) to sixty (60) miles per hour and collided with a truck. There was evidence that Langford knew that there was a stop sign at the intersection, but none that he knew of the truck's presence until too late. Our Supreme Court said:

"From the evidence in the record here we are unable to say that appellee consciously and with knowledge that the truck was approaching, intentionally and with reckless indifference to the consequences, drove into the intersection therein knowing that if he did so injury to his passenger would probably result."

In the instant case, there is no evidence to support an inference that appellant knew of the presence of the oncoming car, nor of the impending danger which the oncoming car precipitated. The evidence, including that pertaining to the course of events leading up to the collision, wholly fails to establish or furnish an inference that appellant exhibited an intentional and reckless indifference to consequences of his acts under circumstances which show that he had knowledge of existing conditions and that injury to his guest would probably result. Without such a showing, there is no support for a reasonable inference of wanton and wilful misconduct.

Since there is not sufficient evidence to support the verdict of the jury, the same is contrary to law. The judgment below is reversed and the trial court ordered to grant the motion for a new trial.

Hunter, Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 74. Transfer denied 194 N. E. 2d 806.