BRITTON v. GARRISON B/N/F MCPHERSON; CORNETT

[No. 269A26. Filed June 19, 1970. Rehearing denied July 29, 1970. Transfer denied December 12, 1970.]

*Hugh Watson,* of Indianapolis, *Himelick, Himelick & Smith,* of counsel, of Connersville, for appellant.

*Cordes & Baker,* of Connersville, *Shepard & Runyon,* of Liberty, for appellee, Garrison.

LOWDERMILK, C. J.—Appellee, plaintiff in the trial court, Deborah Jane Garrison, brought her action by her next friend against the appellant, defendant below, Nancy Britton nee Rodenburg, and the appellee-defendant, Vernis Cornett, Jr., for injuries arising out of an automobile accident in Connersville, Indiana, wherein appellee Garrison was riding in a car operated by the defendants.

The issues were formed on the appellee's complaint and the separate answers of the defendants under Supreme Court Rule 1-3 filed thereto.

The complaint was drafted on the theory of, and alleged negligence on the part of the defendants, and the cause was ultimately tried on the original complaint, which was, on oral motion, amended by interlineation by amending rhetorical paragraph 5 by supplementing sub-paragraph (f), which alleges that "Said defendants failed to provide the Plaintiff the protection of a seat belt while she was riding in said

1965 Pontiac automobile". The cause was tried, however, on the theory that the appellee-plaintiff was a guest passenger of the defendants Britton and Cornett, Jr. For this reason we will set out the pertinent parts of the complaint, which pertinent allegations are as follows:

1. Plaintiff is a resident of the city of Connersville, Fayette County, Indiana, and on May 6, 1965, she was 16 years of age at that time.

2. That the defendants herein are also residents of Fayette County, State of Indiana.

3. On May 6, 1965, at approximately 5:30 P. M. plaintiff met defendant Nancy Britton nee Rodenburg at 1822 Virginia Avenue in the city of Connersville. Plaintiff offered to buy the defendant a soft drink and food at a nearby drugstore if the said defendant would drive plaintiff to her parents' home. At the drugstore appellee Garrison purchased Mrs. Britton nee Rodenburg and herself a ten cent coke and one ten cent sack of potato chips, which potato chips they shared. The parties then proceeded to walk to 1805 Eastern Avenue in the city of Connersville, where defendant had an automobile at her disposal.

4. It was at this address where they met Vernis Cornett, Jr., who owned a 1965 GTO Pontiac automobile. As the parties entered the car it had started raining. Plaintiff sat in the passenger's seat, while defendant Britton nee Rodenburg got behind the wheel of said automobile and defendant Cornett sat in the middle. All three of the parties were in the front seat. The plaintiff did not know who the owner of the automobile was at this time.

5. As the automobile was set in motion plaintiff alleges that defendant Cornett helped and aided defendant Britton nee Rodenburg by shifting the gears, assisting in the steering, instructing in the acceleration of the automobile in a negligent, dangerous and illegal manner, turning the windshield wipers on for defendant, and by instructing Nancy

Britton nee Rodenburg to accelerate at a high, dangerous speed upon the wet and slippery streets of the city of Connersville, thus causing the automobile to slide and skid in a dangerous manner.

6. Further that while the automobile was being driven defendants informed plaintiff that defendant Nancy Britton nee Rodenburg did not know how to drive said automobile and that defendant Cornett did not have a driver's license. Plaintiff further asked that the automobile be stopped and that she be allowed to leave, and this request was denied.

7. Plaintiff further alleges that the accident was the direct, proximate result of one or more of the following acts of negligence of the defendants, jointly and severally:

(a) Failure to stop at a posted stop sign;

(b) Failure to properly control the automobile;

(c) Defendants operated the car at a high and unlawful rate of speed into a wet, slippery and unsafe intersection;

(d) That the two defendants were operating the car when one of the defendants had no valid driver's license;

(e) That defendants caused the automobile to slide, skid, and fishtail by driving at a careless, dangerous and unlawful rate of speed;

(f) Defendants attempted to steer and shift gears of said automobile at one and the same time.

8. Plaintiff further alleges that at the time of the accident she was in good health, was fortunate in having good facial features, and expected to marry, raise a family and lead a happy and normal life.

9. Said accident caused plaintiff great bodily harm, disfigurement, pain, suffering, mental anguish, permanent scars and facial disfigurement.

10. Plaintiff alleges that as a result of the injuries she suffered in said collision she has incurred medical and hospital expenses and further surgery, hospitalization, medi-

cine and special cosmetics required to partially conceal said scars and disfigurement would cost in excess of $10,000; further, that because of plaintiff's pain, suffering, embarrassment, mental anguish, facial scars and disfigurement which she will carry the rest of her life, that she has been damaged in the sum of $50,000.

This case was tried by a jury in the Fayette Circuit Court. On September 26, 1968, the jury returned its verdict for appellee Garrison and against appellant Britton nee Rodenburg and appellee Vernis Cornett, Jr., in the amount of $19,750.

Appellant Britton nee Rodenburg timely filed her motion for a new trial, which is in the words and figures as follows:

"The defendant Nancy Rodenburg Britton, by counsel, moves the court for new trial in and of the above entitled cause of action on and for each and all of the following separate and several grounds, causes and reasons, to-wit:

"1. That the verdict is not sustained by sufficient evidence (specifically as stated in memorandum attached to this motion).

"2. That the verdict is contrary to law (specifically as stated in memorandum attached to this motion).

"3. Error of law occurring at the trial in that the court overruled defendant Britton's motion for directed verdict at the conclusion of plaintiff's evidence.

"4. Error of law occurring at the trial in that the court overruled defendant Britton's motion for directed verdict at the conclusion of all the evidence.

"5. Error of law occurring at the trial in that the court erred separately and severally in giving to the jury each of the court's final instructions numbered 1, 6, 8, 9 and 16.

"6. Errors of law occurring at the trial in that the court erred separately and severally in refusing to give to the jury defendant Britton's tendered instructions numbered 1 and 5.

### "MEMORANDUM

"In regard to the first two grounds of this motion, the verdict is not sustained by sufficient evidence for the reason

that there was insufficient evidence from which a jury could reasonably determine defendant Britton was guilty of willful or wanton misconduct. For this reason and the fact that there was a verdict for the plaintiff where the evidence does not support the theory of the complaint, the verdict is contrary to law. The Court's attention is directed to the fact that the issues were joined for trial upon a complaint in one legal paragraph claiming negligence and an answer thereto. The court instructed the jury twice (Court's preliminary instruction 1 and Court's final instruction 1) that the claim of negligence in the complaint was an issue to be tried by the jury. A verdict for this guest plaintiff was thus contrary to law."

The motion for new trial was overruled by the court and the judgment entered on the verdict.

This appeal followed with the appellant Britton nee Rodenburg setting out her assignment of errors as follows:

" * * * 1. The Court erred in overruling appellant's Motion for a New Trial."

We shall first discuss specification 5 of appellant Britton nee Rodenburg's motion for a new trial, which was the charge the court erred in giving to the jury each of the final instructions numbered 1, 6, 8, 9 and 16.

The parties, in their oral argument, agreed that although the allegations of the complaint were charges of negligence, that the trial of the cause was conducted on the theory, under that complaint, that the defendants were guilty of wanton or willful misconduct and therefore the jury should have been instructed on the law of willful or wanton misconduct of the driver to a guest passenger.

Appellant vigorously contends that the court committed reversible error in giving the court's final instruction number 1, which was the exact duplicate of preliminary instruction number 1.03, which had been given by the court in his preliminary instructions.

The court's final instruction number 1 reads as follows, to-wit:

## "COURT'S FINAL INSTRUCTION NO. 1

"This is an action brought by the plaintiff Deborah Jane Garrison, a minor, by Betty McPherson, her next friend, against the defendants, Nancy Rodenburg and Vernon Cornett, to recover damages for personal injuries alleged by plaintiff to have been sustained by her resulting from an alleged automobile collision with a tree on Eastern Avenue in the City of Connersville, Fayette County, Indiana, on May 6th, 1965, about 6:00 o'clock P.M. The complaint further alleges that the defendants were negligent in that defendants failed to heed a stop sign at an intersection, failed to control the operation of the automobile, operated the automobile at a high and unreasonable rate of speed on wet pavement, had no valid operator's license, carelessly applied the brakes causing the automobile to skid and both defendants attempted to steer and shift gears at the same time. The complaint alleges numerous injuries, permanent scars and disabilities, pain and suffering, medical and hospital expenses and necessity for future operations were caused solely and proximately by the negligence of the defendants aforesaid.

"Defendants deny the material allegations of this complaint thereby forming the issues which you are to try."

At the conclusion of all the evidence and after the parties had tendered their requested instructions and the court had indicated what instructions he would give, the appellant Britton nee Rodenburg filed her written objection to certain instructions the court had indicated would be read to the jury. The objection to the court's instruction number 1 reads as follows:

" * * * the Defendant now objects to the giving of Court's instruction No. 1 for the reason that it instructs the Jury that the Plaintiff claims or alleges certain acts or omissions constituting negligence. The instruction then goes on regarding Defendant's answer, and the instruction then states that the issues to be tried in this case are formed by those allegations of negligence and by that answer, or answers, to the complaint. This instruction, Court's Instruction No. 1, is not only given as a final instruction, but was also given as a preliminary instruction at the commencement of this trial. The giving of the instruction at the commencement of the trial is now prejudicial to this Defendant, because

apparently the case is not being tried on any negligence issue, and the repeating of this instruction as Court's Final Instruction No. 1 compounds this error. This Jury is not permitted to consider these allegations of the complaint as negligence, and the giving of this instruction once and certainly twice is error and prejudicial to the Defendant Britton."

The court's final instruction number 9 reads as follows:

## "COURT'S FINAL INSTRUCTION NO. 9

"The plaintiff has the burden of proving the following three propositions:

"First:  That the defendants or one of them were guilty of wilful or wanton misconduct in one or more of the following particulars:

    (a) Failing to stop before entering a preferential street.

    (b) Failing to properly control the operation of the automobile.

    (c) Operating the automobile at a high, unlawful and unreasonable rate of speed, to-wit: 35 miles per hour, onto a wet, slippery, unsafe and dangerous intersection.

    (d) Both defendants were operating the automobile at the same time when one had no valid license and the other had no experience with said automobile.

    (e) Both causing the automobile to slide, skid and fishtail by accelerating and then applying brakes.

    (f) Both attempting to steer the automobile and shift the gears at the same time.

"Second:  That the plaintiff was injured.

"Third:  That the wilful or wanton misconduct of the defendants or either of them was a proximate cause of the injuries to plaintiff.

"If you find from a consideration of all the evidence that these propositions have been proved then your verdict should be for the plaintiff. However, if you find from a consideration of all the evidence that any of these three propositions have not been proved, your verdict should be for the defendants."

Appellant Britton nee Rodenburg also timely filed her written objections to the court's final instruction number 9, which written objections are in the words and figures as follows:

"There is no claim or allegation of wilful or wanton misconduct in the complaint or pleadings and is not an issue in this case upon the formation of those issues by the pleadings. Further, there is, in law, no evidence which can amount to wilful or wanton misconduct in this case. Thirdly, this instruction is erroneous and prejudicial to Defendant Britton, because none, or not all of the allegations read as [a] through [f], constitutes actionable wilful or wanton misconduct even if there were evidence on them. Further, the instruction is erroneous and prejudicial to the Defendant because it assumes that a finding or a proving of [a] through [f], or any one of them, would amount to wilful or wanton misconduct. The third element of the instruction which refers to wilful or wanton misconduct refers to proximate cause, and the instruction assumes that the finding of [a] or [b] et cetera is a finding of wilful or wanton misconduct. This is an incorrect statement of the law, and for all of these reasons the giving of the instruction is objected to as improper, erroneous, incorrect statement of the law, and prejudicial to Defendant Britton."

The objections to the court's final instructions numbered 1 and 9 are so closely related that we shall treat the two together.

First, objection number 1, that it was error to give the instruction as a preliminary and also as a final instruction would *not* have been tenable had the cause of action been tried on the theory under which the complaint had been drafted, which was negligence. However, this court does not recommend that trial courts pick out single preliminary instructions and read them as final instructions for the reason that to do so could unduly emphasize to the jury certain issues and to the prejudice of one of the parties.

We can not say that final instruction number 9 is a model criterion for future cases. However, it does attempt to instruct the jury as to the plaintiff's burden under the theory of wanton or willful misconduct and the giving of this instruc-

tion did necessarily thereby instruct on a second and additional theory under which the cause of action was tried, although the complaint was drafted on the theory of negligence. This left the matter of determining which theory the jury should adopt up to the jury, which was then required to make its own selection whether it would follow the court's instruction number 1, under negligence, or follow the court's instruction number 9, under wanton or willful misconduct.

It was the court's responsibility and duty to instruct the jury as to the law of the case and inform the jury thereby which theory the case had been tried on and to inform them further how they should apply the law to the evidence and the theory of the case.

The trial court having instructed the jury on the two theories, namely, negligence and wanton or willful misconduct, and having failed to designate which one of the two theories the jury was to consider to the exclusion of the other, did err.

The jury is not required, not even permitted, to speculate on which of two or more theories they may consider a cause in arriving at their verdict.

We are of the opinion that appellant's written objections tendered to the court before final arguments were had were sufficient to call the court's attention to the matter of submission on the two theories and that the objection was timely saved.

The case of *Maddox* v. *Yocum* (1941), 109 Ind. App. 416, 31 N. E. 2d 652 (Transfer denied) was an action for possession of real estate and for damages for the unlawful detention thereof.

In that case the trial court, by instruction number 2, informed the jury that in fixing the rental value, it may use as a basis therefor the profits arising to the plaintiff from the use of the real estate in question. By instruction number

the court told the jury that rental value did not mean the probable loss of plaintiff's profits from said real estate.

This court held that these two instructions were inconsistent and calculated to mislead the jury or leave them in doubt as to the law relative to "rental value."

" . . . If the jury attempted to follow both of these instructions, it would result in confusion as to what rule of law to follow in arriving at the fair rental value.

" 'If two or more instructions are inconsistent and calculated to mislead the jury or leave them in doubt as to the law, it is a cause for reversal.' [Citing cases.]"

In the case of *Hoesel* v. *Cain; Kahler* v. *Cain* (1944), 222 Ind. 330, 53 N. E. 2d 769, the court said:

"The giving of instructions on an issue not supported by evidence is always erroneous. But not always is the error reversible. The rule is stated by Judge Mitchell in *DeHaven* v. *Helvie, by Next Friend* (1890), 126 Ind. 82, 84, 25 N. E. 874, as follows:

'Where it can be said that an instruction which is not applicable to any evidence in the case resulted in no prejudice to the appellant, a reversal will not follow, but where it appears that the verdict of the jury may have been predicated upon such an instruction, it would be manifestly error to allow the verdict to stand.' "

In the case of *Stillwell* v. *Adams* (1963), 135 Ind. App. 495, 193 N. E. 2d 74 (Transfer denied 1964, 194 N. E. 2d 806), the trial court, over appellant's objection, gave a preliminary instruction to the jury on negligence. Appellant timely filed written objection to the giving of a preliminary instruction on negligence and said therein that:

" ' * * * This is a guest case under the Indiana Statutes relating to the liability of a host-driver to his guest passenger. There is no basis in law for the finding of liability on the part of a host on simple negligence. The instruction, therefore, tends to confuse the jury and indicate to them that upon a finding of negligence, liability can be predicated upon the defendant in this action.'

"In pursuance of Supreme Court Rule 1-7A, the trial court was required to give preliminary instruction 'as to the issues for trial,' etc., and inasmuch as there were no issues tendered by the pleadings which concerned negligence, we think that the giving of such instruction constituted prejudicial error. *Hayes Freight Lines, Inc. et al.* v. *Wilson* (1948), 226 Ind. 1, 77 N. E. 2d 580; * * * *Hoesel* v. *Cain et al.; Kahler* v. *Cain et al.* (1944), 222 Ind. 330, 53 N. E. 2d 165."

Such instructions as were given by the trial court in the case at bar and to which written objections were timely filed are not to be viewed as a whole, with this court on appeal left to determine which of the contradictory instructions the jury should reasonably have believed. *Deckard* v. *Adams* (1965), 246 Ind. 123, 203 N. E. 2d 303; *Metropolitan Life Insurance Co.* v. *Alterovitz* (1938), 214 Ind. 186, 14 N. E. 2d 570.

We are of the opinion that the trial court's giving final instructions 1 and 9 on two separate theories, namely, negligence and wanton or willful misconduct, was bound to mislead the jury and leave them in doubt as to whether to decide the case on the theory of negligence or the theory of wanton or willful misconduct, and was reversible error.

For the reasons stated heretofore, it is unnecessary for us to pass upon all the other alleged errors, the general rule of law being, where, on appeal, it is determined that the trial court committed reversible error on one point, the appellate tribunal need not discuss the other questions presented in the case. *Ewing* v. *Timmons* (1963), 135 Ind. App. 274, 193 N. E. 2d 497.

This court hereby reverses the judgment and remands the cause for a new trial.

Costs versus appellee.

Carson, Cooper and Sullivan, JJ., concur.

NOTE.—Report in 259 N. E. 2d 417.