HALL COCHRANE, EVELYN T. COCHRANE, DOUGLAS B.
COCHRANE, A MINOR *v.* HARVEY D. LOVETT.

[No. 2-1274A294. Filed November 24, 1975. Rehearing denied March 23,
1976. Transfer denied August 27, 1976.]

*Marshall E. Williams, Charles E. Johnson,* of Indianapolis,
for appellants.

*John D. Frahulik, Richard J. Darko,* of Indianapolis, for
appellee.

## CASE SUMMARY

BUCHANAN, J.—Plaintiffs-Appellants Hall Cochrane and Evelyn T. Cochrane, on behalf of their minor son, Douglas B. Cochrane, (Cochrane) appeal a negative judgment resulting from a medical malpractice action against Defendant-Appellee Dr. Harvey D. Lovett (Lovett), claiming that the trial court erred in submitting Court's Final Instruction 13 to the jury and rejecting Plaintiffs' Requested Instruction 11.

We affirm.

## FACTS

The evidence and facts presented at trial most favorable to Lovett and the trial court's judgment are as follows:

On April 6, 1972, Cochrane filed a complaint in the Boone Circuit Court alleging that on or about May 14, 1970, Lovett carelessly and negligently failed to properly examine, diagnose and treat an illness from which Douglas B. Cochrane was then allegedly suffering . . . acute appendicitis. Damages sought were $100,000.00 for Douglas Cochrane and $50,000.00 for his parents Hall and Evelyn Cochrane jointly.

After a Motion for Change of Venue from the County was granted, trial to a jury commenced on June 17, 1974, at which time the court read Preliminary Instruction 2 to the jury. It stated:

> "It is the duty of a doctor diagnosing the condition of, treating, or operating upon a patient to possess and use that degree of skill and learning which is ordinarily possessed and used by a doctor in similar practice in the same or similar localities at the time of the particular treatment or service. A failure to meet this standard of skill and learning constitutes negligence.
>
> In deciding whether the doctor possessed and used the degree of skill and learning required, and whether or not such act or failure to act was the proximate cause of plaintiff, Douglas B. Cochrane's injuries, you may consider only the evidence presented by the doctors called as expert witnesses. However, expert evidence is not required where the

treatment or the results thereof are of such character as to warrant an inference of want of care by persons of ordinary intelligance, sense and judgment."
(Preliminary Instruction 2—also Final Instruction 13)

This Instruction was submitted to the parties, and Cochrane's sole objection at this time was:

". . . to the language in court's preliminary instruction No. 2, as submitted to us this morning 'in the same or similar locality' for the reason that the *same or similar locality rule*, we believe, *is now obsolete* in view of the requirement, the uniform requirement for admission to practice, the standardization of tests for admission and the enhancement of communicative facilities and predication of hospital facilities throughout the country, and that the restriction of standard of care to a similar locality in a profession of that nature is no longer appropriate." (Our emphasis.)

Following completion of the evidence, which was conflicting, the trial court included in its final instructions Court's Final Instruction 13, which was a verbatim statement of Preliminary Instruction 2.

Cochrane then objected to the Final Instruction 13 on a different ground than his objection to the identical language when given at the commencement of the trial as Preliminary Instruction 2:

*"Mr. Williams:*
Judge maybe I can define my point on this. I think the *whole second paragraph is erroneous in that in determining whether the doctor had used the degree of skill you're not bound by the expert testimony.* In determining what the degree of skill and care he was required to use, I think you are bound by expert testimony, but you are not bound by expert testimony in deciding if he used it because you are entitled to believe the plaintiff's story as opposed to the doctor's." (Emphasis supplied.)

At this time Cochrane also tendered Plaintiffs' Requested Instruction 11 with supporting argument:

"*Mr. Williams:*

At this time in view of the Court's ruling on other objections, the Plaintiffs would tender Plaintiff's requested instruction No. 11, and request that the same be read in conjunction with the Court's final instruction No. 13, which reads as follows: 'However in determining whether or not the defendant did or omitted to do certain specific things, you may consider the testimony of other witnesses.' In support of our tender, Your Honor, we submit that instruction No. 13, as proposed, would permit a jury to consider and listen only to the defendant where the evidence is conflicting as to what the defendant did in specific instances of his examination and obtaining history and so forth, but since he is the only expert witness as between the conflicting witnesses, the plaintiff and defendant, it would permit the jury to consider only his testimony and require them to disregard the plaintiffs' testimony as to whether he did the leg raising, for example, or if he turned Doug on his side or whether he asked certain questions or what he did on examination."

The trial court overruled Cochrane's objection and submitted Final Instruction 13 to the jury without the addition of Cochrane's Requested Instruction 11.

On June 19, 1974, judgment was entered on verdicts of the same date for Lovett.

Cochrane appeals.

## ISSUES

ISSUE ONE.  Did the trial court err in giving Court's Final Instruction 13?

ISSUE TWO.  Did the trial court err in refusing Plaintiffs' Requested Instruction 11?

As to ISSUE ONE, Cochrane contends that the entire second paragraph of Court's Final Instruction 13 (identical to Preliminary Instruction 2, and hereinafter referred to as Final Instruction 13) was erroneous in that a jury is not confined to expert testimony in determining what Lovett actually did

or did not do in his diagnosis and treatment of Douglas Cochrane. They are also entitled to believe Cochranes' story as opposed to Lovett's. Although the jury is bound by expert testimony in determining what degree of skill and care Lovett was required to use, Cochrane asserts that Final Instruction 13 permitted the jury to consider only Lovett's testimony where the evidence was conflicting because he was the only expert witness with personal knowledge of facts in dispute. The jury was thus required to disregard Cochranes' testimony in determining what actually transpired during the examination and treatment of Douglas Cochrane.

In response, Lovett argues that Final Instruction 13 is an accurate statement of Indiana law and that Cochranes' strained and tortured interpretation of the language of the instruction should not be invoked to reverse a trial court's judgment when it is plain that a man of ordinary understanding would not have been misled. Furthermore, the exact language of Final Instruction 13 was given by the trial court in Preliminary Instruction 2 and Cochrane had an adequate opportunity to object to its submission at that time. Having failed to object upon the grounds now asserted in Appellants' Brief, Cochrane has waived any right to appeal.

As to ISSUE TWO, Cochrane contends that because the court erroneously submitted Final Instruction 13 it was reversible error to refuse Plaintiffs' Requested Instruction 11 (hereinafter Requested Instruction 11) which informed the jury that it could consider the testimony of other witnesses in determining what steps Lovett did or did not take in diagnosing and treating Douglas Cochrane.

Lovett retorts that considering the final instructions as a whole, Requested Instruction 11 did not cover any relevant point on which the jury had not otherwise been fully and fairly instructed by the trial court.

## DECISION

ISSUE ONE

CONCLUSION—It is our opinion that the giving of Final Instruction 13 is not reversible error.

Cochrane's problem is that he objected to Final Instruction 13 on a different ground than he objected to the identical language when first tendered as Preliminary Instruction 2 at commencement of the trial. His original objection was that ". . . the same or similar locality rule . . . is now obsolete. . . ." His objection at the close of the evidence was that the "whole second paragraph" of Final Instruction 13 "is erroneous in that in determining whether the doctor had used the degree of skill you're not bound by the expert testimony." Differently stated, he failed to make the *specific* and *timely* objection to a general instruction required by Indiana Rules of Procedure, Trial Rule 51, and particularly TR. 51(A):

> "(A) *General instructions at commencement of action.* When the jury has been sworn the court shall instruct in writing as to the issues for trial, the burden of proof, the credibility of witnesses, and the manner of weighing the testimony to be received. Each party shall have reasonable opportunity to examine such instructions *and state his specific objections thereto* out of the presence of the jury and before any party has stated his case. The court may of its own motion and, if requested by either party, shall reread to the jury all or any part of the instructions so given along with the other instructions given to the jury at the close of the case. The parties shall be given reasonable opportunity to submit requested instructions prior to the swearing of the jury, and object to instructions requested or proposed to be given." (Emphasis added.)

So our narrow inquiry is to determine if Cochrane is precluded from objecting to Final Instruction 13 because he failed to make the specific objection when the opportunity was first afforded him.

Unfortunately we find no helpful judicial interpretation of TR. 51(A), but it was lifted almost verbatim from its predecessor, Indiana Supreme Court Rule 1-7A:[1]

"1. When the jury has been sworn the court shall instruct in writing as to the issues for trial, the burden of proof, the credibility of witnesses, and the manner of weighing the testimony to be received. Each party shall have reasonable opportunity to examine such instructions *and state his specific objections thereto* out of the presence of the jury and before any party has stated his case.

"2. The court may of its own motion and shall, if requested by either party, reread to the jury the instructions given pursuant to the provisions of the first paragraph of this section along with the other instructions given to the jury at the close of the case." (Emphasis supplied.)

There is also a dearth of cases interpreting Rule 1-7A.

In *Stillwell* v. *Adams* (1963), 135 Ind. App. 495, 193 N.E. 2d 74, Appellant timely filed his written objection to a preliminary instruction on negligence claiming it was outside the pleadings. In reversing the judgment the Appellate Court concluded:

". . . where the question is *properly presented* the giving of an instruction defining negligence as a preliminary instruction, when the action and issues are predicated upon the guest statute, . . ., in and of itself is prejudicially harmful and erroneous." 135 Ind. App. at 499, 193 N.E.2d at 76. (Emphasis added.)

The implication is that a specific objection must be "properly presented."

*Also see, Steiner* v. *Goodwin* (1966), 138 Ind. App. 546, 215 N.E.2d 361; *Merritt* v. *State* (1964), 245 Ind. 362, 369, 198 N.E.2d 867.

With no precise Indiana authority to guide us we turn to the language of TR. 51(A) . . . and find that it is mandatory. "Each party *shall* have reasonable opportunity" to both examine and *specifically object* to any preliminary instructions

---

1. *See,* HARVEY, 3 IND. PRACTICE—RULES OF PROCEDURE ANNOTATED, § 51.1, 404 (1970); HARVEY, *supra, Civil Code Study Commission Comments—Rule 51(a),* 399.

"out of the presence of the jury and before any party has stated his case." While there is a certain tyranny in absolutes, it hardly seems tyrannical to insist that a party objecting to a preliminary instruction do so at the first opportunity in view of the specific language of TR. 51(A).

To permit Cochrane to contest the trial court's rereading of Preliminary Instruction 2 after it became Final Instruction 13 would effectively void the statutory language of TR. 51(A). Cochrane was given adequate opportunity to examine and specifically object to Instruction 13 when originally given as Preliminary Instruction 2 on the ground that the jury is not bound by expert testimony in determining whether Lovett used the proper degree of skill required of doctors in the same locality. Not having done so, the question is waived.

Our conclusion in this regard is limited to the circumstances of this case, i.e., the specific objection was available at the time the preliminary instruction was given and was not affected by the evidence received or events occurring during trial. The logical implication of this conclusion is that a party may object to the rereading of a preliminary instruction as a final instruction when the evidence presented or events occurring at trial have changed the possible application of the instructions.[2]

The same principle of raising timely and specific objection at the first opportunity to do so applies to the admission of evidence and other aspects of a trial.[3] *See* WRIGHT AND

---

2. TR. 51(B) states:

"(B) *Instructions after arguments—on court's own motion—Request for written instructions.* After argument the judge shall instruct the jury as to the law upon the issues presented by the evidence. Such instructions given by the court of its own motion shall be in writing when any party so requests. This request must be made before the commencement of the argument."

3. E.g., *Dudley Sports Co.* v. *Schmitt* (1972), 151 Ind. App. 217, 279 N.E.2d 266. Only those specific objections made at trial to the trial court's comments are available on appeal to reverse the court's judgment.

*See also, Widmer* v. *Sweeney* (1955), 234 Ind. 263, 124 N.E.2d 385; *Rickner* v. *Haller* (1954), 124 Ind. App. 369, 116 N.E.2d 525.

MILLER, 9 FED. PRAC. & PROC. § 2472, p. 455-6 (1971) (footnotes and citations omitted).

The entire thrust of TR. 51(A) and TR. 51(C) is to require specific and timely objection to proposed instructions given the jury.[4] TR. 46 further lends credence to this requirement in that it also contemplates an objection "at the time the ruling . . . is made."[5]

See, Scott v. Krueger (1972), 151 Ind. App. 479, 280 N.E. 2d 336, 343-345; Snider v. Lewis (1971), 150 Ind. App. 30, 276 N.E.2d 160, 178; Conley v. Lothamer (1971), 150 Ind. App. 356, 276 N.E.2d 602, 605; HARVEY, supra, § 51.3, 405-6; HARVEY, supra, Civil Code Study Commission Comments— Rule 51(c), 401-3.

Even had Cochrane not waived the question he would have been confronted with Adkins v. Ropp (1938), 105 Ind. App. 331, 14 N.E.2d 727, and other cases, which have expressed approval of language similar to that in Final Instruction 13.[6] In Adkins the court said:

---

4. TR. 51(C) provides:

"(C) Objections and requested instructions before submission. At the close of the evidence and before argument each party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury. The court shall note all instructions given, refused or tendered, and all written objections submitted thereto, shall be filed in open court and become a part of the record. Objections made orally shall be taken by the reporter and thereby shall become a part of the record. [Amended June 8, 1971.]" (Emphasis supplied.)

5. TR. 46 states:

"Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him." (Emphasis supplied.)

6. We note, as Cochrane admits in his brief, that the language of Final Instruction 13 is also Indiana Pattern Jury Instruction 19.73,

". . . The general rule in malpractice cases, is that, in determining whether the physician and surgeon has exercised ordinary skill and care in the diagnosis of the disease and treatment of the patient and the result obtained thereby, the jury must be guided *solely* by the testimony of physicians and surgeons because of the scientific nature and character of the questions usually involved in such cases, and the jury cannot set up standards of skill and care of its own." (Emphasis added.)

*See also,*

*Worster* v. *Caylor* (1953), 231 Ind. 625, 630, 110 N.E.2d 337;

*Robinson* v. *Ferguson* (1939), 107 Ind. App. 107, 113, 22 N.E.2d 901;

*McCoy* v. *Buck* (1928), 87 Ind. App. 433, 437, 157 N.E. 456, 160 N.E. 46;

*Welch* v. *Page* (1926), 85 Ind. App. 301, 309, 154 N.E. 24;

*Longfellow* v. *Vernon* (1914), 57 Ind. App. 611, 629, 105 N.E. 178.

We can see no basis for the jury being misled into believing that only physicians and surgeons could testify as to what Lovett did or did not do, as opposed to the necessity of physicians and surgeons testifying exclusively about the standard of skill and care required of

having the apparent approval of the Indiana Supreme Court as evidenced by the preferred treatment given such instructions in TR. 51(E):

"(E) *Indiana Pattern Jury Instructions.* Any party requesting a trial court to give any instruction from the Indiana Pattern Jury Instructions, prepared under the sponsorship of the Indiana Judges Association, may make such request in writing without copying the instruction verbatim, by merely designating the number thereof in the publication. In event the trial court desires to give any instructions contained in said publication, it shall be sufficient to read the numbered instruction from the publication orally to the jury and indicate in the order book entry the number or numbers of such instructions, along with any objection thereto. It shall be unnecessary for the trial court to copy said instruction in writing and file the same with other written instructions given; provided, however, that in the event of an appeal, where any objections are made to the giving of such instructions or the refusal to give such instructions, such numbered instructions shall be set forth verbatim in the argument section of the brief where argument is presented with reference to the refusal to give or the giving of such numbered instruction."

doctors in the locality, i.e., whether Lovett "used" the skill and learning required.

ISSUE TWO

CONCLUSION—It is our opinion that the trial court did not commit reversible error in refusing Plaintiff's Requested Instruction 11. Cochrane is not entitled to predicate error upon the refusal of the trial court to give his Requested Instructon 11. So says TR. 51(D), which reads:

> "(D) *Limit upon requested instructions. Each party shall be entitled to tender no more than ten [10] requested instructions* to be given to the jury; however, the court in its discretion for good cause shown may fix a greater number. Each tendered instruction shall be confined to one [1] relevant legal principle. *No party shall be entitled to predicate error upon the refusal of a trial court to give any tendered instruction in excess of the number fixed by this rule* or the number fixed by the court order, whichever is greater." (Emphasis supplied.)

Ten to a party is the rule. Cochrane wants eleven, without any showing that the trial court fixed a greater number or that it abused its discretion. The explicit language of TR. 51(D) controls.

Indiana courts have long recognized the inherent dangers in overinstructing a jury.
*See,*

> *Indianapolis Transit* v. *Williams* (1971), 148 Ind. App. 649, 656, 269 N.E.2d 543;
> *Hendrix* v. *Harbelis* (1967), 248 Ind. 619, 230 N.E.2d 315;
> *White* v. *Evansville American Legion Home Association* (1965), 247 Ind. 69, 72, 210 N.E.2d 845;
> *Pfisterer* v. *Key* (1941), 218 Ind. 521, 33 N.E.2d 330.

There could be no basis for error in refusing Plaintiff's (Cochrane's) Instruction 11 in any event. We have previously

indicated the jury could not have been misled by Final Instruction 13 into believing that only physicians and surgeons could testify as to what Lovett did or did not do, and Plaintiff's Final Instruction 11 only purported to clarify an "ambiguity" of its own creation. Thus there was no need to instruct the jury that "in determining whether or not the defendant did or omitted to do certain specific things, you may consider the testimony of other witnesses." Plaintiff's Requested Instruction 11, *supra*.

The instructions as a whole properly instructed the jury as to their duty to apply the law given by the court to the facts proven by the evidence; to weigh the evidence and to judge the credibility of testimony; to resolve conflicts in the evidence whenever possible; to view the instructions as a whole applying them to *all* the evidence admitted at trial, and their duty to base their decision upon a consideration of *all* of the evidence in the case. *See* Court's Final Instructions 2, 3, 4, 5 and 14-15, respectively.

Therefore, the judgment is hereby affirmed.

Sullivan, P.J. and Robertson, C.J. (by designation) concur.

NOTE.—Reported at 337 N.E.2d 565.